PATTERSON *v.* EVANS & TURNER.

1. An absolute deed conveying land as security for a debt is a security of a higher nature than a mortgage for the same debt on the same premises, and when the mortgage is entered satisfied, and surrendered up because of the execution of such a deed, the transaction operates as a novation.
2. While the description of the mortgaged premises in these terms: "two hundred and ninety acres, more or less, of land situate in the fifth district of Wilkinson county, upon which an encumbrance of $125 exists, due October 15, 1888, taking priority of this mortgage; also two gins and one grist-mill located on said described land," is meagre and vague, yet whether such terms will serve to identify the premises is a question of fact, and hence the mortgage is not necessarily void because the description is not more complete. July 24, 1893.

Before Judge JENKINS. Wilkinson superior court. October adjourned term, 1892.

ROBERTS & POTTLE, by brief, for plaintiff in error.

J. W. LINDSEY, WHITFIELD & ALLEN and F. CHAMBERS, *contra.*

SIMMONS, Justice.

1. Eady's land was sold by the sheriff under a mortgage *fi. fa.*, which appears to have been junior to several other *fi. fas.* against him. It was agreed by all the parties that the *fi. fa.* under which the property was sold should be paid off, and the contest was over the balance of the money left in the sheriff's hands. This contest was principally between Greenwood, Evans & Turner and Patterson. Greenwood's judgment being the oldest, the court ordered it paid, and directed that the balance be applied in part payment of the execution of Evans & Turner. To each of these rulings Patterson excepted. It appears from the record that Eady had given Patterson two mortgages, on two different tracts of land, one being dated in 1885 and the other in 1886. In 1887 he gave Evans & Turner a mortgage on some of the same land. On the 1st of February, 1888, Eady made to Patterson two deeds to secure the debts embraced in the mortgages, together with an additional debt of $165, conveying the same land described in the mortgages, which deeds were recorded in January, 1890; and the mortgages were surrendered and cancelled.

Under this state of facts we do not think Patterson was entitled to claim anything under his mortgages. When he surrendered and cancelled them, and to secure the mortgage indebtedness and the additional debt of $165 took absolute deeds covering the same property, the lien of the mortgages was extinguished. The deeds were a security of higher dignity than the mortgages, and the change effected in the nature and form of the contract was such as amounted in law to a novation. Patterson, from being the holder simply of a lien upon the land, became vested with the absolute title. The lien of his mortgages being extinguished, he was left to stand upon his deeds, and the Evans & Turner mortgage being older than the deeds, the court was right in awarding the money to them instead of to Patterson.

2. On the trial Patterson objected to the introduction in evidence of the mortgage *fi. fa.* of Evans & Turner, and the mortgage upon which it was founded, upon the ground that they were absolutely void for want of description. The descriptive part of the *fi. fa.* and the mortgage is set out in the second head-note to this opinion. The description is certainly very meagre and vague, but whether such terms will serve to identify the premises is a question of fact and not of law. *Collier* v. *Vason,* 12 *Ga.* 441, and *Oatis* v. *Brown,* 59 *Ga.* 711. The judge, acting as a jury, having found that the land could be identified by the description as given, we cannot hold that it was so defective as to render the mortgage void.                                    *Judgment affirmed.*