## MacINTYRE & CO. *v.* FERST'S SONS & CO.

Where a creditor whose debt is secured by mortgage, in satisfaction of such debt, takes a conveyance of the property mortgaged, such conveyance is not effectual to vest in him a title which would prevail upon the trial of a claim afterwards filed by such creditor to prevent the sale of such property under an execution issued from a judgment junior to the mortgage but older than the deed.

Submitted June 3, — Decided July 9, 1897.

Levy and claim.  Before Judge Sweat.  Appling superior court.  September term, 1896.

*Parker & Thomas*, for plaintiffs in error.
*Toomer & Reynolds*, contra.

SIMMONS, C. J.   Under an execution against E. W. Lee, based upon a judgment in favor of Ferst's Sons & Co., certain lands were levied upon.  A claim to them was filed by MacIntyre & Co.   The judgment was rendered against Lee September 27, 1895, execution issued October 2, 1895, and the levy was made April 1, 1896.   Upon the trial the plaintiffs in fi. fa. introduced the fi. fa. with the entry of levy thereon. The claimants introduced a mortgage from Lee, the defendant in fi. fa., to the claimants, dated March 9, 1895, and recorded April 22, 1895, covering the land in dispute and also certain articles of personal property; also a deed conveying the same land and certain personal property from

Lee to the claimants, dated March 3, 1896, and recorded November 7, 1896. Oral evidence was introduced to show that the land was conveyed in good faith and at a fair valuation. Also, evidence that Lee had, after executing the deed, remained in possession of the land and had paid no rent therefor but had paid interest on the amount which he owed MacIntyre & Co. at the time the deed was executed; and that there was between Lee and MacIntyre & Co. an oral agreement that the land should be reconveyed to the former, if he should, at any time within five years, repay the money he had borrowed and on which he continued to pay interest. The deed was given in satisfaction of the debt secured by the mortgage and recited the further consideration of $300. The chronological order of these transactions is, then: (1) The mortgage in favor of the claimant; (2) The judgment against Lee; (3) The issue of execution; (4) The deed; (5) The levy of the execution upon the property in dispute.

In a claim case the claimant can not rely upon a mortgage, though it be prior in date to the judgment under which the property is levied upon; for in Georgia a mortgage does not convey the legal title, and a legal title in the claimant must be shown in order to sustain a claim interposed to the levy of an execution. Moreover, the satisfaction of the mortgage by the execution of the deed operated as a novation. *Patterson* v. *Evans & Turner*, 91 *Ga.* 799. Nor can the claimant sustain his claim by showing that he has a deed subsequent in date to the judgment from which such execution has issued.

In the present case there is some doubt as to the character and effect of the deed introduced, but the claimant contends that it is an absolute conveyance, and for the sake of the argument we will treat it as such. The deed is at all events junior to the judgment, and the lien of the judgment attached to the land before the deed was executed. The claimant then can not sustain his claim by the title given him by the deed.

*Judgment affirmed. All the Justices concurring.*