### 833.   DEARISO & COMPANY *v.* LAWRENCE.

1. The issue in a claim case is whether the property was subject to sale under the plaintiff's execution at the date of the filing of the claim.
2. When an execution is levied upon property in the possession of the defendant in fi. fa. and a claim is filed, the burden is on the claimant to show not merely that the title is not or was not in the defendant, or that for some other reason the property is not or was not subject to levy or sale under the execution, but also that he himself, at the date the claim was filed, had some title to or interest in the property, superior to the right of the plaintiff to proceed with the execution.
3. Where the seller of property takes for the purchase-money a note reserving the title as security and duly records it, the holder of an execution against the purchaser can not lawfully cause the execution to be levied on this property until he pays or tenders the seller the amount due him, although the purchaser has an equity in the property by reason of having paid a material portion of the purchase-price. Nevertheless, if the execution is levied upon the property, and subsequently to the levy the defendant in fi. fa. returns the property to the seller, with an agreement that he shall resell the property and credit the proceeds on the note, and pursuant to the agreement the property is resold, the purchaser at the second sale can not successfully resist the progress of the execution by a claim.

Claim, from city court of Ashburn—Judge Hawkins.   October 9, 1907.

Submitted January 21,—Decided February 11, 1908.

*Polhill & Foy,* for plaintiff. *J. B. Hutcheson,* contra.

POWELL, J. On February 5, 1903, Johnson sold a mule to Hobby, the defendant in fi. fa., and took a purchase-money note in which he reserved the title to the mule until the note was paid. This instrument was duly witnessed and recorded. On this note payments were made from time to time. On March 29, 1905, Dearisø & Company obtained judgment against Hobby. On April 4, 1905, execution was issued and duly recorded. On March 9, 1906, this execution was levied on the mule above referred to. For some reason the property was not brought to sale promptly, and in the fall of 1906 Hobby let Johnson have the mule back, agreeing, as Johnson says (and for the purpose of this decision we will take this to be true, being the most favorable theory to the defendant in error), that he should sell at the best price obtainable and credit the proceeds on the note. Johnson then sold the mule to Lawrence, the claimant, for $60, and credited the amount on the note, leaving a small balance due. On June 4, 1907, Lawrence filed a claim to the property. The court adjudged the property not subject, and the plaintiff in fi. fa. brings error.

1. The issue in a claim case is whether the property was or was not subject to sale under the plaintiff's execution at the time the claim was filed; the commencement of the case being not the levy, but the interposition of the claim. One who might have successfully claimed the property at the date of the levy, but who has parted with this right, can not successfully maintain a claim; and on the other hand, one who subsequently to the levy has acquired such a right as will support a claim may successfully maintain it, though no such right existed in him at the date of the levy, e. g. a subsequent purchaser or beneficiary of a homestead taken pending levy. *Rucker* v. *Womack,* 55 *Ga.* 399; *Moody* v. *Millen,* 103 *Ga.* 455; *Oatts* v. *Wilkins,* 110 *Ga.* 319.

2. Where the property is in the possession of the defendant in fi. fa. at the date of the levy, it is prima facie subject to the execution, and the burden is on the claimant to show not merely that the title is not in the defendant, or that for some similar reason the property is not subject, but also to show that he himself, at the date of filing the claim, had such a title or such an interest as

would be superior to the right of the plaintiff to proceed with the execution. *Rowland* v. *Gregg,* 122 *Ga.* 819, and cases therein cited. The rights of the parties will therefore be determined accordingly as they appeared at the date of the filing of this claim; and it will be remembered that this "is a remedy not to prevent levy, but to prevent sale." See *Rucker* v. *Womack,* supra, 401.

3. Under the Civil Code, § 5433, the property at the time of the levy was not subject to levy and sale by the plaintiff in this execution until he paid off the note in which title to the mule had been previously reserved. *Black* v. *Gate City Coffin Co.,* 115 *Ga.* 15. However, neither at that time nor afterwards, until after the relations of the parties to that note and reservation of title had materially changed, was the plaintiff's right to sell the property under his execution challenged. Though Johnson, at the time of the levy, held the title to the mule, the defendant in fi. fa. had an equity in it on account of the payments he had made, and this equity was subject to the lien of the plaintiff's judgment; and Johnson could not defeat this lien by taking back the mule under a rescission of the contract. *Stewart* v. *Berry,* 84 *Ga.* 177. This decision was made prior to the passage of the act of 1894 (now Civil Code, § 5433) ; but the principle ruled is none the less applicable, for that act merely changed the method of procedure by which the equity of the defendant in fi. fa. could be subjected to the lien of the judgment. However, the parties to this conditional sale did not undertake to rescind the sale; for a rescission would have entirely destroyed the note as an evidence of indebtedness, and in this case the agreement was that Johnson was merely to credit thereon the proceeds of what he could obtain for the mule. The law views the transaction merely as a purchase of the mule by Johnson from the defendant in fi. fa., entitling the latter to a credit on the note of the amount of the price in this sale. This brings the case within the rule in the case of *MacIntyre* v. *Ferst's Sons Co.,* 101 *Ga.* 682; and the title thus acquired by Johnson from the defendant in fi. fa. and transmitted to the claimant was inferior to the lien of the plaintiff's execution, being subsequent in date. At the date on which the claim was filed, the property was subject to sale under the execution; for it was no longer subject to Johnson's retention of title originally reserved in this note; for his action in buying back the mule from Hobby was utterly inconsistent with any further

continuation of that status of the property.  The judgment for the
claimant was therefore unauthorized.        *Judgment reversed.*