## 1476.  BOOZE *v.* NEAL.

1. The transferee of a warehouse receipt for cotton stands upon the same footing as if a physical transfer and delivery of the cotton itself had been made to him.

2. Where a creditor whose debt is secured by a mortgage, in satisfaction of that debt, takes a transfer of the title to the property mortgaged, such a transfer is not effectual to vest in him a title which would prevail on the trial of a claim afterwards filed by him to prevent the sale of the property under an execution issued upon a judgment, the lien of which is junior to the mortgage, provided that the judgment was properly entered on the general execution docket prior to the date of the transfer of the title of the property to the claimant.

Levy and claim, from city court of Floyd county—Judge Hamilton. October 22, 1908.

Argued December 11, 1908.—Decided June 15, 1909.

*Dean & Dean,* for plaintiff in error.  *W. J. Nunnally,* contra.

POWELL, J.  A common-law fi. fa. in favor of Mrs. Neal against one Payne was issued and properly recorded on the general execution docket on July 3, 1905; and on July 8, 1907, this fi. fa. was levied upon the cotton in dispute, to which Booze, the plaintiff in error, filed a statutory claim.  It appears that in 1906 one Pyle furnished, or claims to have furnished, Payne money with which to make a crop for that year, and took a mortgage to secure the indebtedness.  The claim of Booze is that this mortgage was taken under the act of 1899 (Ga. Laws, 1899, p. 78), which provides, among other things, that "the lien of mortgages on crops, which mortgages are given to secure the payment of debts for money, supplies, and other articles of necessity, including live stock, to aid in making and gathering such crops, shall be superior to judgments of older date than such mortgages."  In the fall of 1906 Payne brought the cotton in dispute to Pyle and turned it over to him in payment of this mortgage, and Pyle sold the cotton afterwards to Booze, the claimant.  So far as material to the understanding of the controlling points in the case this substantially states the evidence.  The court found the property subject to Mrs. Neal's fi. fa., and to this ruling exception is taken.

1.  In the foregoing statement we have said that Booze bought the cotton from Pyle.  As a matter of fact he bought the warehouse receipt representing the cotton; the warehouse receipt having been taken in the name of Pyle.  We think, however, there is no difference in legal effect between these two statements of the transactions, and that the claimant's rights are just what they would be if the cotton had been physically delivered to him instead of the receipt.  The transfer of warehouse receipts and similar paper symbolic of property operates to transfer the title to the property when it is so intended, but it gives to the holder of the receipt no higher rights than if the property itself had been physically transferred, sold or delivered.  *Bank of Sparta* v. *Butts, 4 Ga. App.* 308 (61 S. E. 208).  In no higher sense than this is Booze an innocent purchaser or an innocent holder.  He stands in Pyle's

shoes. He has all the rights which Pyle had prior to the sale; no more, no less.

2. This brings us to a consideration of the question as to whether Pyle could have maintained the claim to the property after he purchased it from Payne and before he sold it to Booze. Since his mortgage created merely a lien and not a title, his im-, mediate rights thereunder would not support a statutory claim; for in that action title is involved. *Ward* v. *Kennesaw Fertilizer Co.*, 127 *Ga.* 106 (56 S. E. 123). The claimant concedes this, but says that by reason of the fact that Payne turned the cotton over to Pyle as payment of the mortgage, there was thereby transferred to the latter such a title as authorizes the maintenance of the claim. This would have been true if the transfer or sale of the property had taken place before the lien of the judgment attached. However, as it is, the case falls squarely within the ruling in *MacIntyre* v. *Ferst*, 101 *Ga.* 682 (28 S. E. 989), in which it is held that "Where a creditor whose debt is secured by mortgage, in satisfaction of such debt, takes a conveyance of the property mortgaged, such conveyance is not effectual to vest in him a title which would prevail upon the trial of a claim afterwards filed by such creditor to prevent the sale of such property under an execution issued from a judgment junior to the mortgage but older than the deed." See also *Deariso* v. *Lawrence*, 3 *Ga. App.* 580 (60 S. E. 330). The rationale of the rule is this: The purchase of the property by a lien creditor from his debtor is a novation; he stands just as if he had bought the property from the debtor and had paid him for it in cash, instead of crediting him with the value of it on the mortgage. Of course, if Pyle had bought the property from Payne in 1906 and had paid cash for it, his title would have been subject to Mrs. Neal's fi. fa., which was obtained and recorded in 1905. His standing is no better nor is his right larger because he paid for it in something else than money—with a credit upon and a cancellation of the mortgage; for certainly one who parts with cash itself should stand as favorably in the eyes of the law as one who gives up merely the right to enforce some paper out of which he expects to make cash. This works a hardship in some cases; but see *Duncan* v. *Clark*, 96 *Ga.* 266 (22 S. E. 927); *Prince* v. *Walker*, 1 *Ga. App.* 283 (58 S. E. 61).                              *Judgment affirmed.*