THOMAS A. McLENNAN, Appellant, v. INVEST-
MENT EXCHANGE COMPANY, a Corporation
at Higginsville, Missouri, FRANK HEIMBROOK,
JOSEPH W. LAYNE and WILLIAM HOEFER,
Respondent.

Kansas City Court of Appeals, May 5, 1913.

1. **FRAUD AND DECEIT: Agent and Purchaser: Damages:
Farm Lands.** The plaintiff, the purchaser of a farm, sued to
recover damages for fraud and deceit practiced by the defend-
ants, who were the agents of the vendor, in the sale of the
farm. The vendor employed the defendants to sell his farm,
which they did, to the plaintiff who paid the purchase price of
$13,005, less $76.50, which was given to him as an inducement
to purchase on their (defendant's) principal's terms. Defend-
ants, after learning that plaintiff would buy at that price, se-
cured a contract with their principal for the sale of the land to
them for $11,500, and they again told the plaintiff that the lowest
price the vendor would sell for was $13,005. *Held*, that the
representations the agents made to the plaintiff were the repre-
sentations of their principal and as they did not relate to a
material fact and did not damage the plaintiff, he has no cause
of action, for the fraud must concur with the damages to be
actionable.

2. ————: ————: **Caveat Emptor.** Under the rule of *caveat
emptor* which recognizes the parties to a sale as business
antagonists at arm's length, the purchaser has a right to buy
at as low a price as his skill will secure and the vendor has the
corresponding right to sell at the best price he can obtain.
Neither has a right to the other's best price, and therefore the
representations of either that he has made his best offer cannot
be said to be a representation of a material fact.

Appeal from Lafayette Circuit Court.—*Hon. Samuel
Davis*, Judge.

AFFIRMED.

*Aull & Aull* for appellant.

(1)    Where the purchaser of property from a
broker was induced to pay more than the owner asks
for the property by the fraudulent representations of

the broker that the owner would not accept less than the price paid, the purchaser is entitled in an action for deceit, to recover of the broker the excess which he pocketed less the usual commission for making the sale. Kice v. Porter, 22 Ky. 1704, 61 S. W. 266; Kice v. Porter, 21 Ky. 871, 53 S. W. 285. (2) Where a broker purchases property from the owner before it was sold with a purpose to defraud the purchaser out of the excess received from the purchaser over the price asked by the owner the broker is liable in an action for deceit for the excess. Kice v. Porter, 22 Ky. 1704, 61 S. W. 266; Kice v. Porter, 21 Ky. 871, 53 S. W. 285. (3) When confidence reposed in another is taken advantage of in a fraudulent way to obtain money to which defendant had no right such money so obtained may be recovered. Stout v. Company, 131 Mo. App. 528; Cottrell v. Crum, 100 Mo. App. 397; Leicher v. Keeny, 98 Mo. App. 394; Stanhope v. Swafford, 77 Iowa, 594. (4) Appellant is entitled to be placed in the situation he would have occupied had there been no fraud and his right of recovery is determined on this basis. Drake v. Holbrook, 78 S. W. 158; Bergeron v. Miles, 88 Wis. 397; Grant v. Hardy, 33 Wis. 668; King v. White, 119 Ala. 429; Hicks v. Deemer, 187 Ill. 164; 20 Cyc. 42, sec. 8.

*James P. Chinn, Clarence Vivion* and *Charles Lyons* for respondents.

(1) In this case the appellant's own testimony shows that he purchased the farm at his own price, for less than it was worth and at a bargain, and suffered no injury or damage because of the purchase. And before the appellant can recover in an action for fraud and deceit he must show that he has been damaged or injured. Fraud without damages gives no cause of action. Thompson v. Newell, 118 Mo. App. 405; Bank v. York, 8 Mo. App. 604; Bank v. Byers,

139 Mo. 652; Edwards v. Noel, 88 Mo. App. 434; Paretti v. Rebenack, 81 Mo. App. 494; Johnson v. Railroad, 152 S. W. Rep. 369; Barrie v. Railroad, 138 Mo. App. 557; Crum v. Wright, 97 Mo. 18; State ex rel. v. West, 68 Mo. 232; Lewis v. Land Co., 124 Mo. 688; Lenox v. Harrison, 88 Mo. 496; McBeth v. Craddock, 28 Mo. App. 380; Ming v. Woolfolk, 116 U. S. 599, 29 L. Ed. 740. Before appellant can recover in an action for fraud and deceit, he must not only show false representations and damages, but must show reliance upon the representations and that they were material and that he used reasonable care to investigate, or used ordinary prudence in acting thereon. Brownless v. Hewitt, 1 Mo. App. 360; Anderson v. McPike, 86 Mo. 293; Dulaney v. Rogers, 64 Mo. 201; Priest v. White, 89 Mo. 609. (2) In this case appellant has wholly failed to show any damages, although he elected to stand on his contract and recover damages. Noel v. Hughes, 152 Mo. App. 192; Harms v. Wolf, 114 Mo. App. 394. (3) The evidence not only fails to sustain the cause of action pleaded but affirmatively disproves it. Thompson v. Newell, 118 Mo. App. 405; Noel v. Hughes, 152 Mo. App. 192.

JOHNSON, J.—Plaintiff sued to recover damages for fraud and deceit practiced by defendants in the sale of a farm. At the conclusion of the evidence the jury in obedience to a peremptory instruction returned a verdict for defendants. Plaintiff appealed and contends that his evidence discloses he has a good cause of action.

Defendants Heimbrook, Hoefer and Layne were the managing officers of the Investment Exchange Company, a corporation engaged in the business of real estate broker in Higginsville. August Elebracht employed the company to sell a farm of 153 acres he owned in Lafayette county and defendants effected a sale of the farm to plaintiff for $13,005 or $85 per

acre.    Plaintiff paid the purchase price less $76.50 which defendants gave him under the pretense that it was part of their commission which they had offered as an inducement to him to purchase on their principal's terms.    Elebracht received only $11,500 for the farm, the remainder of the purchase price, $1428.50, being retained by defendants.    The position of plaintiff is that defendants made false representations to him that entitle him to recover the large profit secured out of the transaction for their corporation.

Plaintiff, a practicing physician in Higginsville, has had extensive dealings in real estate in Lafayette county, is familiar with the values of land and did not buy the farm in question until after he had inspected it.    He relied entirely on his own judgment of the value of the farm and does not claim that any false representations were made concerning it or its value. He concedes the farm is worth the price he paid but claims that defendants took advantage of his friendship and confidence to deceive him about the price at which their principal had authorized them to sell. At first Elebracht had priced the farm at $85 per acre but sometime before the sale had authorized defendants to sell it for $12,000, and had agreed to pay defendants the usual commission which would have amounted to $130.    After learning that plaintiff would buy the farm at that price they deferred the negotiations with him until after they had induced their principal to enter into a contract for the sale of the land to them for $11,500.    After securing this contract they returned to plaintiff and still claiming to be the agents of Elebracht, represented that the lowest price their principal would put on the farm was $13,005; that their commission would be $130, and that they would give him $65, which was one-half of the commission, to effect the sale.    Plaintiff compelled them to allow him an additional sum of $11.50, and the sale was closed at a net cost to him of $12,928.50.

Plaintiff endeavored to establish the existence of some sort of confidential relationship between defendants and himself but his evidence on this issue amounts to nothing. He admits that he knew defendants were acting not as his agents but as the agents of the vendor and, being a man of more than ordinary experience and acumen in business affairs, he dealt with them at arm's length. He did not rely on their statements relating to the farm and its value but, mindful of the rule of *caveat emptor,* made his own inspection and exercised his own judgment. He knew what he was buying, received what he bought and admits he made a shrewd bargain. To allow him to recover in this case would be to give him damages when he had sustained none and to give him a court-made bargain better than the one he had made, or intended to make, for himself.

The cases of Hokanson v. Oatman, 165 Mich. 512, and Kice v. Porter, 21 Ky. L. 871, 53 S. W. 285 and 22 Ky. L. 1704, 61 S. W. 266, are dissimilar in some essential features to the case in hand, but if they could be said to be in point we would not follow them since to do so would require us to ignore the well-settled rule in this State that "fraud must concur with damages to be actionable." [Johnson v. United Railways Co., 152 S. W. 1. c. 368; Thompson v. Newell, 118 Mo. App. 405, and cases cited.] The conduct of defendants as portrayed in the evidence of plaintiff deserves censure. They were guilty of fraud and deceit but the man they injured was their principal, not plaintiff. It is idle to talk of plaintiff having a right to buy the land at the lowest price the owner would take for it. Let us suppose that plaintiff had pierced through the guard defendants artfully threw around their principal and had entered into direct negotiations with him. Would plaintiff be heard to complain that the owner had charged a higher price for the land than he would have sold it for? And if a broker obtains a

higher price for land than that placed on it by his principal, would the principal be bound to return the excess to the purchaser? Under the rule of *caveat emptor* which recognizes the parties to a sale as business antagonists dealing at arm's length, the purchaser has a right to buy at as low price as his skill will secure and the vendor has the corresponding right to sell at the best price he can obtain. Neither has a legal right to the other's best price and, therefore, the representation of either that he has made his best offer cannot be said to be a representation of a material fact. To say otherwise would be to impose a restriction of the right of persons to make their own bargains. We agree with plaintiff that defendants in law and in fact were the agents of Elebracht in the transaction. The trick by which they pretended to purchase the property themselves was nugatory as to their principal. The law would not permit them to do such violence to the trust and confidence their principal had reposed in them. Therefore the representations they made to plaintiff were the representations of their principal and as they did not relate to a material fact and did not damage plaintiff, he has no cause of action.

The judgment is affirmed. All concur.