### 14493.   NEWBERN *v.* MILHOLLIN *et al.*

JENKINS, P. J.   "Where one purchasing real estate has the opportunity of examining it before buying, but, instead of doing so, voluntarily relies upon the statements of the vendor concerning its character and value, the contract will not be rescinded or set aside, or the purchase price of the land abated, because of the falsity of such statements, unless some fraud or artifice was practiced by the vendor to prevent such examination. This is true even though the vendee in buying the land may have acted upon the misrepresentations of the vendor or his agent." *Dean* v. *Merchants Bank,* 24 *Ga. App.* 475 (101 S. E. 196); *Brannen* v. *Brannen,* 135 *Ga.* 590 (a) (69 S. E. 1079); *Tallent* v. *Crim,* 19 *Ga. App.* 16 (90 S. E. 742), and cit.; *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (b), 127 (92 S. E. 893); *Clark* v. *Adams,* 29 *Ga. App.* 496 (2) (116 S. E. 122). In the instant action by the vendors against the vendee, to recover the balance of the purchase price for land, represented by promissory notes, the vendee admitted the execution of the notes, but by his plea sought an abatement in the purchase price by reason of the alleged false statements by one of the vendors that the land, except a specified tract, was free from bermuda grass. While the testimony as to the making of the alleged statements and as to both the presence and effect of the grass was conflicting, it appears that the vendee made his own examination prior to purchase, while riding over the land with one of the vendors in an automobile, that while he did not walk over the land where he testified the grass was located, he "did give it a careful look while riding through it," that "the ground was covered by grass and weeds" which he "took to be the natural growth on the land," and that he did not "examine the land more carefully," because the vendor stated there was no bermuda grass on the place save on a small specified tract. It is not contended that either of the vendors said or did anything to prevent a closer examination or fuller investigation of the premises. Assuming, under the conflicting evidence and for the sake of the argument, that the contention of the defendant as to the making of the state-

ment by the vendor, the presence of the grass, and its undesirability, is correct, yet since it appears that a casual passing examination at the time of the inspection would have disclosed the presence of the bermuda grass, with which the record indicates the defendant was familiar, if it were present, the verdict for the vendors was demanded by the evidence; and the judgment overruling the motion for a new trial cannot be reversed upon any of the grounds urged.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Douglas—Judge Henson. March 2, 1923.

*R. A. Moore, Quincey & Quincey,* for plaintiff in error.
*Dickerson & Kelley,* contra.