# CHARLESTON.

GROVER COLLINS v. PHILADELPHIA OIL COMPANY et al.

Submitted September 3, 1924.   Decided October 28, 1924.

1.  APPEAL AND ERROR—*Appellate Court Will Not on Certificate,
    Pass on Demurrer to Declaration, Where Court Below has
    not Ruled.*

    This court will not upon certificate pass upon a demurrer
    to a declaration where the circuit court has not ruled thereon.
    (p. 465).

2.  SAME—*Order Sustaining Demurrer to Count and Dismissing
    Cause of Action Purported Set up Therein not Reviewable
    on Certificate.*

    ·Where, upon a demurrer to each count of a declaration, the
    circuit court sustains the demurrer as to one count and
    dismisses plaintiff's action thereon, if the count in question
    purports to set forth a cause of action complete in itself,
    such, order of the circuit court is in its nature final and can
    not be reviewed here upon certificate.   (p. 465).

3.  BROKERS—*Agent Liable to Purchases for Difference Secured
    for Property Through False Representation as to Owner's
    Price.*

    An agent, who, having authority to sell real estate at a
    certain price, secures a higher price from the purchaser by
    means of a positive statement that that is the least the owner
    will take for the property, is liable to the purchaser in an
    action for deceit for the difference secured through his false
    representation.   (p. 469).

4.  FRAUDS, STATUTE OF—*Count in Declaration, Showing on Face
    to Be Founded on Oral Contract Void Under Statute of
    Frauds, Demurrable.*

    A count in a declaration showing upon its face that it is
    founded upon an oral contract which is within the statute of
    frauds in demurrable.   (p. 471).

LITZ, JUDGE, absent.

Case Certified from Circuit Court, Ritchie County.
Action by Grover Collins against the Philadelphia Oil Com-

pany and others. Rulings on demurrer to the declaration certified for review.

*Affirmed in part; reversed in part.*

*S. A. Powell,* for plaintiff.
*Homer Adams* and *Victor F. Cooper,* for defendants.

MEREDITH, PRESIDENT:

Upon defendants' demurrer to plaintiff's declaration and each count thereof, the circuit court overruled the demurrer to the first and second counts, but sustained it as to the third count and dismissed plaintiff's action as to it. The order shows no consideration of the demurrer to the declaration as a whole, we are therefore not concerned with it. *Posten* v. *B. & O. Railroad Company,* 93 W. Va. 612, 117 S. E. 491. The question of misjoinder of counts argued by defendants' counsel is thus disposed of. The dismissal of plaintiff's action on his third count concludes the case so far as the demand therein stated is concerned. That count, as do the others, purports to set forth a complete cause of action, and the dismissal was in its nature a final and appealable judgment on the claim therein stated. See *Blue* v. *Hazel-Atlas Glass Company,* 93 W. Va. 717, 719, 117 S. E. 612. As a final order it is not to be considered on certificate. *Lee* v. *City of Elkins,* decided this term, and cases there cited. .

We are left with two questions, the sufficiency or insufficiency of counts one and two.

In his first count plaintiff complains of defendants, who had been summoned to answer plaintiff of a plea of trespass on the case, for this, that on a certain day defendants orally agreed and promised to sell and assign to plaintiff and plaintiff orally agreed and promised to purchase from defendants for the price of $5500 a certain oil and gas lease in which one J. F. Donaldson, the original lessee, claimed an interest. The lease is set out in full, is dated July 18, 1905, and is to remain in force for the term of 10 years from its date, and as long thereafter as oil or gas, or either of them can be produced. Plaintiff alleges that by the terms of the said agreement it was agreed that plaintiff should pay the pur-

chase money to defendants upon the delivery to him of a proper assignment for the property, such delivery to immediately follow execution of the instrument by Donaldson. Plaintiff further alleges that defendants assured plaintiff that they had the right, power and authority to sell Donaldson's interest, and that they faithfully promised and agreed to sell and assign such interest to plaintiff along with their own interests in the lease; so that for the consideration named in the oral agreement defendants contracted to assign to plaintiff all of the estate and rights of the original lessee in the lease. Plaintiff avers that relying upon his agreement, on the —— day of March, 1920, he entered into an agreement with the Carter Oil Company, a corporation, whereby for a valuable consideration, he agreed and legally bound himself to assign by proper deed to said corporation, and the latter agreed to purchase from plaintiff said lease and property aforesaid, all of which was then and there well known to defendants. Pursuant to his agreement with defendants, plaintiff assumed the payment of the delay rentals in the lease, and defendants transferred the obligations thereof to plaintiff upon their, the defendants' books.

Plaintiff alleges that after waiting a reasonable time he called upon defendants for the assignment contemplated by their agreement, but defendants assured him that the instrument had not yet been returned by Donaldson, to whom it was forwarded for execution. He called upon defendants again, and tendered performance on his part, whereupon, defendants falsely, fraudulently and deceitfully represented to and assured plaintiff that Donaldson had refused to execute the assignment except at an advance of $5000 in price, whereas, plaintiff has since learned that such representation and assurance were false and untrue, that at the time they were made Donaldson had in fact executed and acknowledged the assignment and transfer, and that the same was then and there in defendants' possession. Plaintiff alleges that said false and untrue representation and assurance were for the fraudulent purpose of inducing and compelling plaintiff to pay the additional $5000 over and above the price agreed on, defendants well knowing that plaintiff was legally bound under his agreement with the said Carter Oil Com-

pany. He alleges that to enable himself to comply with said agreement he was compelled to pay and did pay the $5000 in advance of the price agreed on with defendants; that he received a proper assignment from defendants; that he immediately assigned the same to the Carter Oil Company, as he was bound to do; that upon receipt of said assignment from defendants he learned that the representations and assurances so made and given to him by defendants were false and untrue; that as a matter of fact Donaldson had signed and acknowledged the assignment on March 25, 1920, and the same was in the possession and control of defendants for delivery to plaintiff at the time of their representations and assurances to him as aforesaid. Plaintiff avers that by reason of the premises, he has sustained damages in the amount of $8000.00.

The court in its certificate says that upon the demurrer to the declaration and each count thereof five points of law have been raised. The five points are set out as questions for our consideration. For the purpose of determining the sufficiency of count No. 1, however, we think we can adequately state the points raised by four brief queries: Does the statute of frauds bar plaintiff from recovery on his oral agreement with defendants? May plaintiff recover on his allegations regardless of the statute? Does plaintiff's agreement with the Carter Oil Company with defendant's knowledge entitle him to recover regardless of the statute? Did the assignment to plaintiff at the advanced price affect the application of the statute or plaintiff's right of recovery?

Though in our view of the case it is unnecessary to reply to these inquiries in order, no doubt the answers to some of them will appear in the discussion. Plaintiff in the count under consideration has reviewed his negotiations with defendants from their inception, including the oral contract set out above, and concluding with the averments as to defendants' actual and positive misrepresentations as to the price demanded by Donaldson for his interest in the lease. From the points raised in the certificate it is clear that defendants place great reliance on the circumstance that the first step in the negotiations, the oral contract, is barred from

our consideration by the statute of frauds, Barnes Code, 1923, ch. 98, §1. They say that the contract to assign the lease in question called for the transfer of an interest in lands, and that the statute above cited declares that such a contract can not be enforced unless evidenced by a written memorandum. They support this position with respectable authority. There being no contract in writing, defendants contend plaintiff had no right to rely upon it nor to obligate himself to the Carter Oil Company by reason thereof, nor has he any right to hold defendants to the price orally stipulated. Although counsel have filed a comprehensive brief presenting various aspects of their position, we think the kernel of this case may be reached by much simpler reasoning. Under the declaration, defendants represented themselves as agents authorized by Donaldson to dispose of his interest in the lease. They secured his assignment at the price originally agreed upon by plaintiff and defendants, but having secured it they met plaintiff's tender of the purchase money with the statement that the lowest price to which their principal would agree was an advance of $5000. This, according to the averments, was a positive misrepresentation of fact, a falsehood, as at the time of making it, they had the assignment regularly executed in their possession ready for delivery. Now regardless of any prior agreement between plaintiff and defendants, and regardless of any embarrassment to which plaintiff had placed himself by reason of his reliance upon defendants' former oral assurance, can defendants say that they had not legally defrauded and deceived plaintiff by their wilful misrepresentations of fact? Did they as agents of Donaldson have the right to deliberately misquote the price agreed to by him? Although this point has not been briefed by defendants, no doubt their position would be that as they were not legally concerned with the plaintiff's obligation to the Carter Oil Company, the rule of *caveat emptor* was the controlling principle governing plaintiff in his ultimate agreement concerning the purchase price. He agreed to pay the advanced price, he was not coerced into doing so, and should stand by his bargain. If such is defendants' view, they could perhaps support it with relevant authorities. Many cases may be found holding in substance that where persons deal

at arm's length, with equal opportunities to know the value of the thing dealt with, many expressions of the vendor as to the value or character thereof are to be construed rather in the nature of "dealer's talk", than actionable misrepresentations. 20 Cyc. pp. 51-53. And even in the case of outright falsehoods by agents as to the price set upon property by their principals it appears that some courts are willing to hold that since the buyer with his eyes open gets all he contracts for, no legal fraud has been practiced upon him. We are of opinion, however, to demand a more conscionable morality. It may be true in some cases, as suggested, that a buyer should be held to the responsibility of knowing that agents are prone to boost the value of the wares at their disposal, that should always be true to a certain extent, but positive misrepresentations as to the price set upon them by the owners go quite beyond the scope of clever salesmanship. We do not consider that the doctrine of *caveat emptor* either now or ever has been a complete shield to all sorts of false bargaining. In the long line of cases on fraud and deceit we find many where it has been held that where facts are peculiarly within the knowledge of the vendor, or for various reasons are difficult for the purchaser to ascertain, the buyer has the right to rely upon positive statements concerning the same. We are inclined to hold that where an agent states that his principal has fixed a certain price, a matter as to which no one could be more accurately informed than the agent himself, in most cases the buyer has the right to rely upon that statement. Such seems to be the modern trend.

> "In cases where positive fraudulent misrepresentations have been made by the vendor the modern cases show a strong tendency either to relax the doctrine of caveat emptor or to refuse to extend it further than it has been carried by previous decisions even with respect to 'dealer's talk'; the courts taking the view that a vendor guilty of a falsehood made with intent to deceive should not be heard to say that the purchaser ought not to have believed him." 20 Cyc. 62.

We have no disposition to shift from purchasers the duty to exercise care and prudence as to matters which they should

inform themselves of; but we will not by judicial decision obligate them to take the time and trouble to verify the agent's statements as to the price fixed by the principal. To say that one should inquire of the principal does not answer the problem. It is easy to conceive of cases where such a procedure would entirely defeat the possibility or the desirability of the purchase. Indeed, in many instances such inquiry would be neither politic or proper.

While there seem to be few cases on the direct question, and they are not in harmony, we find one court definitely supporting our view. On facts sufficiently analogous to those presented here to constitute a parallel case, the Supreme Court of Michigan said:

> "A broker who, having authority to sell real estate at a certain price, secures a higher price from the purchaser by means of a positive statement that that is the least the owner will take for the property, and that it is a bargain at that price, is liable to the purchaser in an action for deceit for the difference secured through his false representation." *Harkanson* v. *Oatman*, 165 Mich. 512, 131 N. W. 111, 35 L. R. A. (N. S.) 423.

As we stated above, the view taken by us and by the Michigan court is not universally adhered to. In *McLennan* v. *Investment Co.*, 170 Mo. App. 389, 156 S. W. 731, the court, while it admitted defendants' fraud and deceit, limited the punishment to a few words of judicial censure, holding that to adjudge liability would restrict the right of free bargaining. Judicial censure, we fear, is but a feeble deterrent. We think that by their false representations defendants here have taken both an unrighteous and an illegal advantage of plaintiff's position as purchaser.

We believe that where an agent chooses to state his principal's minimum price, that is one representation upon which a purchaser, unless there be present some circumstance not shown here, has the right to rely. Defendants' suggestion in argument that plaintiff's averments show that he discovered the falsity of the representation before or while in the act of closing the deal, and that he thereby waived any claim therefor, is not borne out by the declaration. The

allegations are that he "was compelled to and did pay to defendants the sum of $5000 demanded in advance of the price for said property", and on the —— day of June, 1920, he received from said defendants a proper assignment, and that upon receipt thereof he learned that defendants' representations and assurances were false and untrue. He paid over his money and subsequently discovered that he had been deceived. That is plaintiff's claim briefly and accurately pleaded.

All of the above being true, plaintiff's first count states a complete cause of action for fraud and deceit, and the demurrer was properly overruled.

Count No. 2 requires little comment. It suffices to say, without detailing its averments, that it sounds in assumpsit only. It is founded expressly upon the oral promise of defendants and the breach thereof. Being so founded, the statute of frauds bars recovery upon it, and the demurrer thereto should have been sustained. *Matthews* v. *Hileman,* 11 Va. Law Reg. 46; *Kennedy* v. *Burns,* 84 W. Va. 701, 101 S. E. 156.

We affirm the ruling of the circuit court overruling defendants' demurrer to the first count of plaintiff's declaration, and reverse it in overruling the demurrer to the second count. Our order will so certify.

*Affirmed in part; reversed in part.*