16466.   ELLIOTT *v.* DOLVIN, administratrix, *et al.*

JENKINS, P. J.   "Where one purchasing real estate has the opportunity of examining it before buying, but, instead of doing so, voluntarily relies upon the statements of the vendor concerning its character and value, the contract will not be rescinded or set aside, or the purchase price of the land abated, because of the falsity of such statements, unless some fraud or artifice was practiced by the vendor to prevent such examination. This is true even though the vendee in buying the land may have acted upon the misrepresentations of the vendor or his agent." *Newbern* v. *Milhollin,* 31 *Ga. App.* 247 (1) (120 S. E. 637), and cases cited. There is nothing disclosed by the record in the instant case to withdraw it from the operation of the foregoing rule. The plaintiff purchaser in fact inspected the apartment house and examined it to her satisfaction about two weeks before she closed the trade. That she failed to inspect some of the rooms in which she now claims the plastering was defective was not brought about by any fraud or artifice practiced by the defendants representing the opposite party to the transaction, but was, as she alleges, due merely to the fact that the uninspected rooms were at the time occupied. Other facts which would necessitate the conclusion reached by the trial judge in directing a verdict for the defendants are disclosed by the record, but it is not deemed necessary to deal with them.

, *Judgment affirmed.   Stephens and Bell, JJ., concur.*

DECIDED JANUARY 14, 1926.

Complaint; from Fulton superior court—Judge Ellis.   October 21, 1924.

*J. J. Barge,* for plaintiff.

*Burress & Dillard, McElreath & Scott,* for defendants.