28862.   WILKES *v.* RANKIN-WHITTEN REALTY CO. *et al.*

DECIDED JULY 16, 1941.

*Clint W. Hager, J. F. Kemp,* for plaintiff.

*Shelton, Pharr & Long, G. B. Tidwell,* for defendants.

FELTON, J. 1. The amended petition, construed most strongly against the plaintiff, did not set forth a cause of action. The petition did not allege that the lot purchased was not worth $1500 when purchased, and the allegation that the selling of adjoining lots at a price less than $1500 caused the lot to depreciate in value is an allegation of damage too remote, speculative, and conjectural, especially in view of the fact that a house has been built on the lot involved subsequently to its purchase.

2. The allegation of damage arising out of the alleged necessity to pay a hotel bill was demurrable for the reason that there were no circumstances alleged which would authorize the conclusion that such a damage was in the contemplation of the parties, or which showed that the plaintiff could not have discovered the facts complained of in time to avoid the consequences.

3. The requirement of the authorities with reference to the sewer connection privilege was a matter of governmental regulation, knowledge of which was imputable to the plaintiff. Injury from misrepresentation as to such a regulation and requirement is not actionable.

The court did not err in sustaining the general demurrer.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. This is not a suit against the former owners of the lot sold to recover damages on account of the alleged fraud, or to rescind the sale, but it is a suit against the real-estate agents of the owners to recover damages of them alleged to have been caused by false representations made by such agents to induce the plaintiff to purchase the lot and which did induce him to purchase it. Therefore the familiar principle of law that "'Where one purchasing real estate has the opportunity of examining it before buying, but, instead of doing so, voluntarily relies upon the statements of the vendor concerning its character and value, the contract will not be rescinded or set aside, or the purchase-price of the land abated, because of the falsity of such statements, unless some fraud or artifice was practiced by the vendor to prevent such examination," and "this is true even though the vendee in buying the land may have acted upon the misrepresentations of the vendor or his agent'" (*Elliott* v. *Dolvin,* 34 *Ga. App.* 788, 131 S. E. 300), is not applicable. The plaintiff has purchased the lot and paid for it. He is not seeking to recover of the former owners any portion of the purchase price. If he paid more than the lot was worth, he is not seeking to abate the purchase price or "welsh" on his bargain. He alleges that he made the trade and paid $1500 for the lot because of certain representations made by the real-estate agents, which were known by the agents at the time they made them to be false, and which were made with the express purpose of deceiving the plaintiff and causing him to buy the lot and pay more for it than it was worth.

"Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." Code, § 105-302. The section of the Code immediately preceding this section, Code § 105-301, provides: "Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." In *Fenley* v. *Moody,* 104 *Ga.* 790 (30 S. E. 1002), the Supreme Court held that false representations, relating to real estate and affecting its value, which were made by the owner to another with intent to deceive and which actually did deceive such other to his injury and induce him to purchase the property for more than its value, gave a right of action of de-

ceit to the vendee against the vendor, when the falsity of such representations could not have been ascertained by an examination of the premises purchased. An examination of the lot purchased by the plaintiff would not have disclosed that no "lot in said subdivision" had been sold or offered for sale for less than $1500.

The plaintiff alleges that the agents falsely stated that "no lots" in the subdivision had been sold or offered for sale for less than $1500, whereas lots therein had been sold and offered for sale for $1200. He alleges that the agents represented that the lots of the subdivision, including the lot sold to the plaintiff, were furnished with gas facilities, which was an untrue statement which the defendants knew to be false when made; that these agents represented that the lot was furnished with water facilities and sewer, and that this was untrue and known to be untrue at the time the defendants so represented; and that the plaintiff relied on these representations and purchased the lot for $1500 to his injury. It is alleged that the plaintiff was damaged in the sum of $500 by reason of the fact that the price of the remaining lots of the subdivision was thereafter reduced to $1000 and that lots were offered for sale at that figure. He alleges in effect that the value of the lot purchased by him was therefore but $1000, and that he sustained a loss of $500, by reason of the false statements and representations of the defendants, in the value of the lot he purchased. There was no special demurrer as to the measure of damages or as to any of the elements of damages alleged. If the allegations of the petition as amended show a right to recover any amount of damages on account of the alleged fraud the general demurrer was erroneously sustained.

An agent is personally liable for false representations made in the sale of his principal's property. An agent is personally liable for false representations which induced the purchasing of property of his principal which would not otherwise have been purchased. 20 A. L. R. 112, 114; American Law Institute, Restatement, Agency, § 348. All persons who are active in defrauding others are liable for what they do, whether they act in one capacity or another. It has been held that an agent for a vendor of land is liable to a purchaser for damages resulting from his fraud or misrepresentation in the sale of the land where he makes misrepresentations as to the land to be sold, and that a right to recover

from the agent is not dependent on the plaintiff's being able to show that the owner of the land would be liable. See annotations, 99 A. L. R. 412. In Collins *v.* Philadelphia Oil Co., 97 W. Va. 464 (125 S. E. 223), the Supreme Court of West Virginia held that the doctrine of caveat emptor was not a complete shield to all sorts of false bargaining, and that an agent for the sale of land would be personally liable for misrepresentations relatively to the price regardless of the liability of the owner therefor.

I do not concur in the judgment of the majority that the court properly dismissed the petition on general demurrer.