## 32317. SAMPSON *v.* VANN.

DECIDED FEBRUARY 10, 1949.

566

*C. E. Hay,* for plaintiff in error.

*Alexander, Vann & Lilly, Thomas K. Vann Jr.,* contra.

TOWNSEND, J.   (After stating the foregoing facts.)   ▪ ▪   The petition was demurred to because it was contended that it failed to set forth a cause of action for a declaratory judgment.

The petition in the instant case shows an actual controversy

between the petitioner and the defendants as to who would be entitled to the possession of the premises on October 1, 1948, the petition having been filed prior to that date. The petition alleges such a condition of uncertainty and insecurity with respect to the rights and status of the parties that a final declaratory judgment would terminate and settle. It follows that a proper case for a declaratory judgment is alleged. See *Greene* v. *Golucke*, 202 *Ga.* 494(4) (43 S. E. 2d, 497); *Felton* v. *Chandler*, 75 *Ga. App.* 354(2) (43 S. E. 2d, 742).

The petition was demurred to because it was contended it was incumbent upon the plaintiff to plead and set up the defendant's security deed referred to in the statement of facts as having been executed and delivered to her by her husband in 1920, the plaintiff's lease reciting that the lessee's rights shall be subject to any bona fide mortgage or deed to secure a debt which is now placed upon the premises by the lessor. This security deed was set up in the answer of the defendant and the court sustained the demurrer of the plaintiff striking the same therefrom. That judgment was excepted to and will be dealt with in the next division of this decision. For the reasons there set forth it was not error for the trial court to overrule the demurrer to the petition on this ground.

A special demurrer was interposed to certain paragraphs of the petition alleging how long the plaintiff and his deceased father before him had operated a retail-food store either on these premises or nearby, the injury he would sustain if required to move, the lack of other suitable space available in the same locality, and the attendant insecurity and uncertainty in the operation of his business by reason of these facts. These allegations of the petition should have been stricken as they are immaterial and irrelevant. The rights of the parties in this litigation are neither controlled nor influenced by the amount of inconvenience which either might suffer should the relationship of landlord and tenant be legally terminated between them. However, the failure of the trial court to strike these allegations of the petition is harmless error and does not require a reversal of the case. In *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371, 372 (5) (71 S. E. 691), it is held in part as follows: "Where a special demurrer is well taken, and the court overrules it, the error

is prima facie harmful, but not necessarily so. If the reviewing court can with reasonable certainty say that no harm or injury has resulted to the complaining party, a new trial will not be granted, notwithstanding an error of this nature may appear in the record. . ."

██ ██ The plaintiff demurred to the answer of the defendant wherein the defendant pleaded the security deed executed by her husband to her. This security deed was duly recorded at the time of the execution of the plaintiff's lease by the husband of the defendant. The lease recites that the lessee's rights thereunder are subject to any bona fide mortgage or deed to secure a debt which is now placed upon the premises by the lessor. The defendant contends that when she obtained a judgment against her husband based on the notes, the payment of which was secured by the security deed covering the leased premises, and obtained a deed from her husband reciting that the same was given in consideration of the settlement of said judgment, that she acquired the property free from the encumbrance of the plaintiff's lease which recites in effect that it is subject to her security deed. The plaintiff did not foreclose her security deed nor did she have an execution issued and levied on the premises. In either such event the property would have been sold at public outcry. The plaintiff and others would have been accorded an opportunity to bid upon the property. The plaintiff would have thus been given the opportunity to have protected himself by buying in the property or procuring a purchaser who would recognize the continuation of his lease. The transaction between the defendant and her husband by the terms of which he deeded her the property in question in satisfaction of the judgment which she had obtained against him is one whereby, she, a lien creditor, purchased the property from her debtor. This is a novation. It has the same legal effect as if there had never been a security deed or a judgment, but that the defendant bought the property from her husband and paid cash for it. See *Booze* v. *Neal*, 6 *Ga. App.* 279 (64 S. E. 1104); *MacIntyre* v. *Ferst*, 101 *Ga.* 682 (28 S. E. 989); *Deariso & Co.* v. *Lawrence*, 3 *Ga. App.* 580 (60 S. E. 330). If the law were otherwise the holder of a first lien could get together with the debtor and deprive subordinate lienholders of any opportunity to protect their interest in encum-

bered property. The defendant had the opportunity to foreclose her security deed. Had she done so the plaintiff would have had the opportunity of protecting his lease. Had he failed to do so the purchaser of the property in such foreclosure proceedings would have acquired title free from the lease of the plaintiff in accordance with its recitations; but the plaintiff, having elected to accept a deed from her husband, its legal effect was that of a straight purchase of the property, and she, having both actual and constructive notice of the plaintiff's lease took the property subject to it.

The trial court, therefore, did not err in sustaining the demurrer to the answer of the defendant wherein it was sought to set up an immaterial and irrelevant security deed.

For the reasons hereinbefore set out the final judgment of the trial court in favor of the plaintiff for declaratory judgment and his right of possession under the terms of the lease, and subject thereto, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*