32372. WESTBROOK *v.* BEUSSE *et al.*

DECIDED JUNE 28, 1949. REHEARING DENIED JULY 15, 1949.

*R. Howard Gordon, Rupert A. Brown,* for plaintiff.
*Linton S. Johnson, Howard B. Payne,* for defendants.

GARDNER, J. 1. There is but little we can add profitably to the opinion of the trial judge, which we think is a correct application of the law to the issues here involved. We might state, however, in addition to the principles of law to which the trial judge calls attention in his judgment, certain other principles of law not specifically pointed out. Code § 37-116 provides: "Ignorance of a fact, due to negligence, shall be equivalent to knowledge in fixing the rights of the parties." Again, Code § 29-302 provides: "In a sale of land there is no implied warranty of title." There appear no allegations whatsoever that the silence of the defendant prevented the plaintiff from inspecting the land to see whether or not the timber had been cut. There were other provisions of the security deed obligating the defendant as follows: That the defendant Beusse was "to keep the premises in repair and properly terrace and maintain terraces on said premises and to maintain $2,000 fire insurance on the property with loss payable to the defendant [plaintiff here]." We might here suppose that the defendant did not repair the premises—did not keep the property terraced; and the property burned without the property being covered by insurance; all of these obligations of the defendant, had he not complied with them, could have easily been discovered by the plaintiff with the slightest diligence. When the plaintiff did not exercise diligence before he accepted a warranty deed in satisfaction of his debt, under the Code, § 37-116, he was chargeable with the knowledge that the timber had been cut. That the timber had been cut was patent and not

latent. And in the sale of real estate (this was a sale), and where there were no confidential relations alleged, the law will not protect a party in his own negligence. In the purchase and sale of real estate there is an underlying principle of law to the effect that one can not be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided damage. The above is the general rule. There are only two exceptions to this general rule. One is where the purchaser was prevented by the fraud of the seller or vendor from making an examination of the premises. The other is where an inspection of the premises would not have disclosed the falsity of the misrepresentation. Neither of these exceptions appears in this case. The Supreme Court, in *Stone* v. *Moore*, 75 *Ga.* 565, said: "Where to a suit on certain promissory notes a plea was filed, alleging that the notes were given for the purchase-money of land, and that the consideration had wholly failed, because the vendor represented the land to be fertile, to have a spring on it, and to be covered with hickory wood, all of which was false, such plea was properly stricken on demurrer, there being no plea of damages in abatement of the purchase money, and no offer to annul the contract, and it not appearing that the purchaser was deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor. Such things as the soil, timber or springs on land are open to inspection, and the purchaser is wilfully negligent if he fails to look and see for himself, and neither law nor equity will relieve him from his own want of diligence." See also, to the same effect, *Walton* v. *Avera Loan & Invest. Co.*, 28 *Ga. App.* 56 (110 S. E. 333); *Dean* v. *Merchants' & Farmers' Bank*, 24 *Ga. App.* 485 (101 S. E. 196); *Newbern* v. *Milhollin*, 31 *Ga. App.* 247 (120 S. E. 637); *Elliott* v. *Dolvin*, 34 *Ga. App.* 788 (131 S. E. 300). Regarding the kind of misrepresentations for which the court may afford relief to the purchaser are those which an examination of the premises would not have disclosed. In this connection we call attention to *Brannen* v. *Brannen*, 135 *Ga.* 590 (69 S. E. 1079); *Wilkes* v. *Rankin-Whitten Realty Co.*, 65 *Ga. App.* 341 (16 S. E. 2d, 170). The general rule in purchases and sales of real estate is operative on vendors and vendees alike. *Morrison* v. *Colquitt*

*County,* 176 *Ga.* 104 (167 S. E. 321). In *Hardin* v. *Baynes,* 198 *Ga.* 683 (2-d), (32 S. E. 2d, 384), the Supreme Court held: "No other confidential relationship was shown, nor was it alleged that the defendant made any misrepresentation of fact or used any artifice to prevent the plaintiff from ascertaining the quantity and value of her own property. 'A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed.' *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321)."

2. The plaintiff contends (a) that it was a fraud for the defendant to remain silent under the circumstances alleged, and he cites in support of such contention Code §§ 105-304 and 37-704; also *Reeves* v. *B. T. Williams & Co.,* 160 *Ga.* 15 (1) (127 S. E. 293); *Brown* v. *Benson,* 101 *Ga.* 758 (29 S. E. 215); *Brinsfield* v. *Robbins,* 183 *Ga.* 258 (188 S. E. 7); *Young* v. *Hirsch,* 187 *Ga.* 1, 9 (199 S. E. 179); *Marietta Fertilizer Co.* v. *Beckwith,* 4 *Ga. App.* 245 (61 S. E. 149); *Oliver* v. *Oliver,* 118 *Ga.* 362 (45 S. E. 232); *Gordon* v. *Irvine,* 105 *Ga.* 144 (1) (31 S. E. 151); and Code, § 96-203 (3). These Code sections and cases are not applicable to the issue here for decision for the reasons set out in the first division of this opinion.

(b) Counsel for the plaintiff argues and cites many decisions and Code sections to the effect that but for the fraud of the defendant the deed from Beusse to Westbrook would have been an accord and satisfaction. This is a correct principle of law in the abstract, but has no application to the pleadings here.

(c) The plaintiff contends that the doctrine of caveat emptor does not apply in this case. For the reasons given in the first division of this opinion, we do not think that this contention is tenable. The court did not err in sustaining the demurrers and dismissing the petition.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur; MacIntyre, P. J., concurs specially; and Felton and Townsend, JJ., dissent.*

660

MacINTYRE, P. J., concurring specially. In addition to what is said in the majority opinion, I wish to add that the objects of a mortgage and a bill of sale to secure debt "are identical — security for a debt." *Merchants' & Mechanics' Bank* v. *Beard*, 162 *Ga.* 446, 448 (134 S. E. 107). I think that the cases of *Patterson* v. *Evans & Turner*, 91 *Ga.* 799, 800 (18 S. E. 31), *Booze* v. *Neal*, 6 *Ga. App.* 279, 281 (64 S. E. 1104), *MacIntyre & Co.* v. *Ferst's Sons & Co.*, 101 *Ga.* 682 (28 S. E. 989), and *Deariso & Co.* v. *Lawrence*, 3 *Ga. App.* 580 (60 S. E. 330), while dealing with mortgages announce principles that are analogous to those which should be applied to this case. See also *Sampson* v. *Vann*, 78 *Ga. App.* 564 (51 S. E. 2d, 863). Code (Ann.) § 105-1412 provides: "Every person, firm, or corporation, who, without the written consent of the owner of legal title to land or an interest in land as security for debt, as shown by the public records of the county where such land is located, buys, sells, cuts, removes, holds, disposes of, changes the form of, or otherwise converts to the use of himself, itself, or another, any trees growing or grown on such land, shall be liable to such owner of such legal title for such trees or the value thereof, in any form, bought, sold, cut, removed, held, disposed of, changed in form, or otherwise converted by him or it:  .  .   Provided such recovery may be had by action at law from the purchaser or purchasers of such interest in the trees, mineral, or other rights or interest in said incumbered real estate, either jointly or severally, with the holder of the equitable title; the owner of said land shall be allowed to use said timber for his own use, such as firewood or other necessary uses of timber in and around said farm." The plaintiff contends that he is proceeding under this section, and that, by virtue of the security deed, he had an interest in the land as security for the debt, and that the defendant and the persons who bought from the defendant (the grantor in the security deed) are liable to the plaintiff (the grantee in the security deed) for the timber sold on the land described in the security deed in the amount of $773, which is less than the indebtedness owing on the security deed. It appears that the defendant (the grantor in such deed) paid the interest due under the deed, and the plaintiff agreed to take the property for the debt for which the security deed was given, and accordingly the defendant (the grantor) made the plaintiff

(the grantee) a warranty deed and surrendered the land in question to the plaintiff. The warranty deed here was of higher dignity than the security deed, and the change effected in the nature and form of a contract was such as to amount in law to a novation, and the plaintiff stood just as if he bought the property from the debtor for money. The plaintiff, being the holder simply of the deed to secure his debt, became vested with the absolute title; and, the security deed being extinguished, he was left to stand upon his absolute deed. The recovery under Code § 105-1412, supra, may not be for more than the unpaid portion of the secured indebtedness, interest, and attorney's fees, and the debt for which the security deed was given having been extinguished, this section is not applicable, no cause of action is set out in the petition under this section or otherwise, and the court did not err in sustaining the demurrer.

FELTON, J., dissenting. I cannot bring myself to concur in the judgment in this case. While it is true that, when parties are trading at arm's length and are not already under legal and contractual duties with reference to the subject-matter of the negotiations, due diligence as to patent conditions is required, and one party may not rely on the representations of the other. However, in this case, the parties were already under contractual relations with each other. The borrower had expressly agreed not to cut the timber. Under the circumstances he was a trustee of the timber until his debt was paid. While he held the property in trust he disposed of it and concealed his wrong. He was under a higher duty to divulge his action than the lender was to inspect. Under the allegations of the petition, I think that the lender was justified in assuming that the borrower had not cut or sold the timber, that he had complied with his solemn agreement, and I do not think that the lender was lacking in diligence in not inspecting the timber. I think that the borrower was under a duty, as a contracting party and trustee of the timber, to reveal to the lender the fact that the timber had been cut, and his failure to do so was as actionable a fraud as if he had made an express representation that it had not been cut. I think that the lender's cause of action against both defendants was good under Code (Ann.) § 105-1412, it appearing from the petition that by reason of the alleged fraud the entire balance due

on the loan had not been paid, and I think that the action is good also against the borrower because of the alleged damage caused by the alleged fraud. The policy of the law in requiring parties dealing at arm's length to exercise diligence as to matters patent and easily discoverable has as its basis the purpose to prevent frauds. I do not think that this rule was intended to apply to a situation such as the present one. To apply the rule here would encourage rather than discourage fraud.

I am authorized to state that Judge Townsend concurs in this dissent.