### 7451.  TALLENT v. CRIM.

BROYLES, J.  1.  Where one purchasing land has the opportunity of examining it before buying it, but, instead of doing so, voluntarily relies upon the statements of the vendor concerning its character and value, the contract will not be rescinded or set aside, or the purchase-price of the land abated, because of the falsity of such statements, unless some fraud or artifice was practiced by the vendor to prevent such examination.  This is true although the vendee in buying the land may have acted upon the misrepresentations of the vendor or his agent.  *Tindall* v. *Harkinson,* 19 *Ga.* 448; *Collier* v. *Harkness,* 26 *Ga.* 362 (71 Am. D. 216); *Allen* v. *Gibson,* 53 *Ga.* 600; *Stone* v. *Moore,* 75 *Ga.* 565; *Fuller* v. *Buice,* 80 *Ga.* 395 (6 S. E. 17); *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686); *Brannen* v. *Brannen,* 135 *Ga.* 590 (69 S. E. 1079).  The case of *Carithers* v. *Levy,* 111 *Ga.* 740 (36 S. E. 958), cited by counsel for the plaintiff in error, is clearly distinguished by its facts from the instant case.

2.  Under the foregoing ruling, the court did not err in striking the defendant's plea and in thereafter directing a verdict for the plaintiff for the full amount sued for.                          *Judgment affirmed.*

DECIDED NOVEMBER 22, 1916.

Complaint; from city court of Atlanta—Judge Reid.    April 17, 1916.

The action was on promissory notes of the defendant to the plaintiff for sums amounting to $1,160, principal.    The defendant answered, admitting the execution of the notes, but denying liability, and in her plea made the following averments:   In April, 1915, prior to the date of the notes sued on (April 28, 1915), A. L. Crim, agent for the plaintiff, approached the defendant and offered to trade to her certain vacant lots in the town of Oakhurst, DeKalb county, Ga., representing to her that the lots were worth $3,000, and that he had sold other lots adjoining this property for $700 and $800 per lot, and offering to take in part payment a certain house and lot on Grant street in the city of Atlanta at a cash

valuation of $3,000, in which valuation a loan of $1,200 against the Grant street property was assumed by the plaintiff. The defendant relied implicitly on the representations of the plaintiff's agent, A. L. Crim, as to the value of the property he had sold adjoining the property he offered to sell to her as hereinbefore set forth, at which prices he said he had sold lots adjoining the property offered her, and that the property offered her was of the value of $3,000. There was no way by which she could ascertain the truth or falsity of the said statements as regards the amount at which the said A. L. Crim said he had sold lots adjoining the property offered her. There was nothing on record that showed that the valuation placed on said lots by him, which brought about the closing of said trade, was not true. The defendant was not conversant with the values of real estate in the town of Oakhurst, and therefore was obliged to rely on the statements of the said Crim as to property valuations in that town. Relying on his statements as hereinbefore set forth, she traded with him for four vacant lots in the town of Oakhurst, hereinbefore mentioned, upon the following terms: She was to pay for the said property $3,000, the said house and lot on Grant street to be received in part payment of the $3,000, and her notes for $1,200, including the notes sued on, being given to the plaintiff. "Defendant says that since she traded for said vacant lots in DeKalb county that the statements that A. L. Crim made as to value of lots as aforementioned were absolutely untrue, and were made for the purpose of inducing this defendant to trade the property and upon the terms aforementioned." The house and lot on Grant street and the money already paid the plaintiff by the defendant are the full value of the property purchased by her from the plaintiff; and the defendant says that, the notes sued on having been obtained from her by fraudulent representations of the plaintiff and the agent of the plaintiff as to the market value of said vacant property as aforesaid, the plaintiff should not recover judgment on said notes.

The plaintiff demurred and moved to strike the defendant's answer, on the following grounds: (1) The facts set forth do not constitute a valid defense. (2) The allegations of fact do not constitute a plea of either total or partial failure of consideration. (3) It does not appear that the sayings of A. L. Crim are binding upon the plaintiff. (4) It does not appear that the defendant

was legally justified on acting on the representations of A. L. Crim. (5) The allegations that the notes were obtained by fraudulent representations are demurred to because these allegations state conclusions without giving any facts on which the conclusions are based, and because there are no sufficient allegations showing fraud on the part of the plaintiff or of any one authorized in behalf of the plaintiff. The court sustained the demurrer and struck the plea, and directed a verdict against the defendant for the amount sued for.

*T. C. Battle, W. I. Heyward,* for plaintiff in error.

*Moore & Pomeroy,* contra.