12839.  WALTON *v.* AVERA LOAN & INVESTMENT COM-
PANY.

Misrepresentations by agents of the vendor to the purchaser of land
constituted no defense to an action on a note for purchase-money,
under the allegations of the defendant's plea in this case.

DECIDED JANUARY 17, 1922.

Complaint; from Wilkes superior court — Judge Shurley. August
6, 1921.

*Colley & Colley, W. A. Slaton,* for plaintiff in error.
*Norman & Norman,* contra.

LUKE, J.  Avera Loan & Investment Company sued Walton upon
a promissory note, alleged to have been transferred to it before
maturity.  The defendant admitted the execution of the note, but
denied that the plaintiff was a bona-fide holder of the note, for
value.  The defendant pleaded: that the note was procured by
fraudulent representations made by persons alleged to be the agents
of the original payee of the note; that the consideration of the note
was the purchase of a certain tract of land in Bibb county known as
Sulphur Spring Park, which had been subdivided for the purpose
of erecting a summer resort for negroes; that it was represented that
Sulphur Spring Park contained a mineral spring impregnated with
sulphur and magnesia producing a healing effect upon persons using
the water; that there had been erected on the premises a hotel, dance
pavilion, grand-stand, and other buildings by persons owning said
lots; that these representations were untrue; that the original payee
was a white man of education and experience, and that the defend-
ant was a negro unfamiliar with business transactions, and that the
disparity between the mental capacity of the agents of the original
payee and the defendant was great; that the agents of the original
payee were introduced to the defendant by persons of good standing
and in such a way as to lull any suspicion that the defendant might
have had in dealing with strangers; and  that the defendant was
ignorant of the value of the property, and neither had nor would
have an opportunity for examining the land, as he lived more than

one hundred miles away from it; that the land had no such value as he agreed to pay for it. The plaintiff demurred to the defendant's plea and answer, upon the ground that it set forth no legal defense, either as against the original payee or the transferee. The court sustained the demurrer, and it is to this judgment that error is assigned.

It was not error to sustain the demurrer and strike the answer. In law, the defendant bought the land with his eyes wide open, with the opportunity to examine it and know it before buying it and executing and delivering in writing his solemn obligation and promise to pay for it. The courts cannot interfere with contracts simply upon the ground that one of the parties may not have looked well to his interests before entering into a binding agreement. The fact that one party is a negro and the other is a white man affords no reason by which the contract may be vitiated. It makes no difference whether the land purchased be one mile or one hundred miles away, it was the privilege of the payor of this note to refuse to buy the property and execute his note therefor until he had examined it, if he wished to examine it.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*