### 13654.   CLARK et al. v. ADAMS.

JENKINS, P. J.   1. The record showing a bona fide attempt by the plaintiffs in error to present the required brief of the evidence, which is sufficient to enable this court to pass upon the assignments of error, the motion to dismiss is denied.

2. " Where one purchasing real estate has the opportunity of examining it before buying, but, instead of doing so, voluntarily relies upon the statements of the vendor concerning its character and value, the contract will not be rescinded or set aside, or the purchase-price of the land abated, because of the falsity of such statements, unless some fraud or artifice was practiced by the vendor to prevent such examination. This is true even though the vendee in buying the land may have acted upon the misrepresentations of the vendor or his agent." *Dean* v. *Merchants Bank,* 24 *Ga. App.* 475 (101 S. E. 196); *Tallent* v. *Crim,* 19 *Ga. App.* 16 (90 S. E. 742), and cases there cited. In the instant case, not only is the vendees' evidence relative to the alleged misrepresentations as to the adaptability of the land for pasturage by reason of having running water both weak and conflicting, but, in addition to this, the record discloses that prior to the purchase the vendees made an actual inspection of the land and of the stream involved, and that at the time of such examination the portion of the stream inspected was not running. The verdict for the vendor being demanded by the evidence, the judgment overruling the motion for a new trial cannot be reversed upon any of the grounds urged.

*Judgment affirmed. Stephens and Bell, JJ., concur.*
DECIDED FEBRUARY 9, 1923.

Complaint; from Hart superior court — Judge W. L. Hodges. April 22, 1922.

Application for certiorari was denied by the Supreme Court.

B. B. Zellars, J. B. Morris, J. B. McCurry, for plaintiffs in error.   A. S. Richardson, A. S. Skelton, contra.