## 30948.   MARTIN *v.* NORTH GEORGIA LUMBER COMPANY INC.

DECIDED SEPTEMBER 7, 1945.

*Howell Brooke,* for plaintiff.  *A. H. Burtz,* for defendant.

SUTTON, P. J.  (After stating the foregoing facts.)  The plaintiff's action was based on fraud and deceit, it being alleged that the defendant falsely and fraudulently misrepresented the amount of timber suitable for sawmill purposes, located on certain described lands of the plaintiff, and thereby induced her to sell said timber to the defendant to the injury and damage of the plaintiff as alleged.  It appears from the allegations of the petition that the plaintiff voluntarily accepted the statements or representations of the agents of the defendant as to the amount of the timber, without making any effort on her part to find out the amount of same.  It is not alleged that the plaintiff did not have equal opportunity with the defendant to have the timber in question scaled and estimated, or that she was prevented by fraud and deceit of the defendant from having this done.  The timber belonged to the plaintiff and was located on her land and, so far as it appears from the allegations of the petition or the inferences to be drawn therefrom, she had at least an equal opportunity with the defendant to find out how

much merchantable sawmill timber she had. And where she had such opportunity and failed to avail herself of it, she can not now complain and maintain a suit for damages based on fraud and deceit. It does not appear that any relation of confidence or trust existed between the parties which would have authorized the plaintiff to rely on the alleged false representations of the defendant's agent.

The plaintiff's petition fails to show a right to recover for fraud and deceit, under the rulings made in the following applicable cases: *Dortic* v. *Dugas,* 55 *Ga.* 484 (6); *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Miller* v. *Roberts,* 9 *Ga. App.* 511 (71 S. E. 927); *Tallent* v. *Crim,* 19 *Ga. App.* 16 (90 S. E. 742); *Walton* v. *Avery Loan & Investment Co.,* 28 *Ga. App.* 56 (110 S. E. 333); *Clark* v. *Adams,* 29 *Ga. App.* 496 (116 S. E. 122); *Salter* v. *Brown,* 56 *Ga. App.* 792 (1) (193 S. E. 903); *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604.)

The learned trial judge in sustaining the demurrer correctly stated the law applicable to this case when he ruled: "It appears from the plaintiff's petition that she was the owner of the lands and the timber located thereon, and she must be held to have had equal opportunities with the defendant of knowing the truth of the alleged representations by the defendant's agent as to the amount of timber located thereon, and her failure to inform herself with reference thereto precludes a recovery for such alleged fraudulent representations. Where a party by common caution and prudence can guard himself, the law will not protect him in his negligence, and one who grossly fails to inform himself must take the consequences of his neglect, there being no allegations in the petition showing that the plaintiff was fraudulently prevented from doing so."

The court did not err in sustaining the defendant's demurrer, and in dismissing the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*