Under the allegations of the petition and the law applicable thereto, the plaintiff failed to show a right to recover for fraud and deceit, and the court did not err in sustaining the defendant's demurrer, and in dismissing the action.
 DECIDED SEPTEMBER 7, 1945.
Mrs. L. U. Martin brought a suit against the North Georgia Lumber Company Inc., in which she sought to recover damages for fraud and deceit.
The petition alleged: (2) That the defendant had injured and damaged her in the sum of $1811 by reason of the facts set out therein. (3) That on the 31st day of January, 1944, the petitioner and the defendant entered into a written contract for the sale of all merchantable saw timber of a certain size on certain lots and portions of lots of land of the petitioner, which land is described in the contract hereto attached and marked Exhibit A, and to which reference is made for a description of said land. (4) That prior to the making of said contract on the 31st day of January, 1944, said defendant, through its officers and agents, approached the petitioner with a view of buying the timber on the lands described in said contract. The petitioner told the officers and agents of the defendant that she did not know how much timber she had on said lands or how much it was worth, whereupon, said officers and agents told her that they would pay her at the rate of $8.50 per thousand on the stump. Thereupon, she authorized the defendant to enter upon said lands for said purpose and said defendant did, through its officers and agents, estimate and scale the timber prior to the execution of this contract. (5) That the defendant, by its officers and agents, came to the petitioner and told her that they had carefully scaled the timber on the lands described and that it was good timber, but that there were only about 98,000 feet of merchantable saw timber thereon, and they thereupon offered the petitioner $850 for the same, and would pay her this as though there were 100,000 feet. The petitioner then and there told the officer of said company that she was dealing with that, she had not had the timber scaled or estimated by anyone; that *Page 779 
she had no idea about how many thousand feet there were; that neither she nor her husband knew anything about estimating or scaling timber; and that she would have to rely upon the estimate made by said defendant; and, upon being assured again by said official that there was not more than 100,000 feet, she then and there, relying upon the statement of said official, signed said contract. The official of said defendant referred to in this paragraph is Jos. S. Guerewicz, vice-president of North Georgia Lumber Company Inc. (6) The petitioner shows that, soon after the making of said contract, the defendant entered upon said lands and began to cut, saw, and remove the timber therefrom; that at the time of filing this suit it has completed the cutting, sawing, and removing of the timber from said premises; that said company has cut, sawed, and removed from said described lands 290,000 feet of timber, cut from pine trees eight inches in diameter and up at the butt one foot above the ground, exclusive of the bark; that said timber so cut, sawed, and removed was worth $8.50 per thousand, or a total of $2465. Said defendant having paid your petitioner for 100,000 feet or $850, now owes her for 190,000 feet at $8.50 per thousand, making $1615. (7) The petitioner did not know or receive information as to how much timber said defendant was removing from said land until after the defendant had removed about 150,000 feet, and then defendant was only about half through cutting the timber. Then for the first time she realized that she had been defrauded by said defendant. (8) The petitioner shows that said contract was procured by the fraudulent representations of said above-named official of the defendant. She relied upon his statement to her as to the amount of timber upon said lands; he knew that she relied upon same, and these statements made by said official as to the amount of timber on said lands were known by him to be false, and they were made with the intent to deceive your petitioner, and did deceive her. Therefore, she brought this, her petition, to recover the market value of said timber. (9) The petition further showed that said contract provided that the petitioner was to have the slabs from said timber; that the defendant burned the slabs from about 15,000 feet of timber sawed, which would have amounted to about eight truckloads, worth $3 per load on the premises; that about 75,000 feet of this timber was hauled from the premises and sawed at Ellijay; and that the slabs from this *Page 780 
would have been about forty loads at $3 per load, amounting to $120, making a total due your petitioner for slabs of $148. (10) The petition further showed that said defendants, through its employees and agents, cut and removed from said premises about 4000 feet of timber which would not measure eight inches in diameter on the pine and ten inches in diameter on other kinds of timber at the butt one foot above the ground, said measurements being exclusive of the bar. Said timber, being young and in a few years very valuable, was reasonably worth at this age fully $12 a thousand, and the petitioner had been damaged by the cutting of the same to the extent of $48.
The contract or indenture, which was executed between the parties on January 31, 1944, recited a consideration of $850, of which $450 was paid at that time, and provided that a future payment of $400 be made within sixty days from date, and conveyed to the defendant company "all and singular the timber suitable for sawmill purposes located on the following lots of land, to wit (land described) . . all pine timber 8" in diameter and up at the butt one foot above the ground, and all other timber 10" and up in diameter at the butt one foot above the ground, said measurements to be made exclusive of the bark; except the timber around the house and within the following boundaries, which is excepted and reserved (describing land). . . Also the shade trees around the Grady Weaver spring and Park Bearden's spring, said trees being marked. Also the two large pine trees marked and one walnut tree marked." The contract provided that the purchaser was to have eight months in which to cut and remove the timber. It was further provided therein that Mrs. Martin was to have all the tree laps and all slabs from said timber, it being provided that she should not permit the slabs to accumulate at the sawmill to the extent that they would interfere with the operations of the sawmill in a normal manner.
The defendant demurred to the paragraphs above set out, on the grounds that, no legal liability is shown against the defendant; that the allegations undertake to change the terms of a written contract and to set up a verbal statement made by the representative of the defendant prior to the making of the written contract; that the plaintiff by using ordinary diligence could have had said timber estimated and scaled and could have ascertained how much *Page 781 
timber was on her land and the value thereof; that there are no allegations in the petition that the agents and representatives of the defendant did anything to prevent the plaintiff from having the timber scaled and estimated before the execution of the contract; that there is no allegation in paragraph 9 that the plaintiff performed her part of the contract, which would authorize her to have the slabs; that the allegations as to the amount of slabs burned or hauled to Ellijay and the value thereof are too vague, indefinite, and uncertain; that paragraph 10 fails to show how much timber was pine and under eight inches in diameter and how much other timber was of other kinds under ten inches in diameter, and that said paragraph is vague, indefinite, and uncertain.
The trial judge sustained the demurrer and dismissed the petition in so far as it sought to recover damages for alleged fraud and deceit. The special demurrers to paragraphs 9 and 10 of the petition, wherein a recovery was sought for the value of certain slabs and young timber alleged to have been cut, were sustained, with the right in the plaintiff to amend within a certain time to meet the special demurrers; and, upon the failure of the plaintiff to amend, the petition was dismissed. The plaintiff excepted to the sustaining of the demurrers and to the dismissal of the action.
The plaintiff's action was based on fraud and deceit, it being alleged that the defendant falsely and fraudulently misrepresented the amount of timber suitable for sawmill purposes, located on certain described lands of the plaintiff, and thereby induced her to sell said timber to the defendant to the injury and damage of the plaintiff as alleged. It appears from the allegations of the petition that the plaintiff voluntarily accepted the statements or representations of the agents of the defendant as to the amount of the timber, without making any effort on her part to find out the amount of same. It is not alleged that the plaintiff did not have equal opportunity with the defendant to have the timber in question scaled and estimated, or that she was prevented by fraud and deceit of the defendant from having this done. The timber belonged to the plaintiff and was located on her land and, so far as it appears from the allegations of the petition or the inferences to be drawn therefrom, she had at least an equal opportunity with the defendant to find out how *Page 782 
much merchantable sawmill timber she had. And where she had such opportunity and failed to avail herself of it, she can not now complain and maintain a suit for damages based on fraud and deceit. It does not appear that any relation of confidence or trust existed between the parties which would have authorized the plaintiff to rely on the alleged false representations of the defendant's agent.
The plaintiff's petition fails to show a right to recover for fraud and deceit, under the rulings made in the following applicable cases: Dortic v. Dugas, 55 Ga. 484 (6);Thompson v. Boyce, 84 Ga. 497 (11 S.E. 353); Miller v.Roberts, 9 Ga. App. 511 (71 S.E. 927); Tallent v. Crim,19 Ga. App. 16 (90 S.E. 742); Walton v. Avery Loan Investment Co., 28 Ga. App. 56 (110 S.E. 333); Clark v.Adams, 29 Ga. App. 496 (116 S.E. 122); Salter v. Brown,56 Ga. App. 792 (1) (193 S.E. 903); Arthur v. Brawner,174 Ga. 477 (163 S.E. 604.)
The learned trial judge in sustaining the demurrer correctly stated the law applicable to this case when he ruled: "It appears from the plaintiff's petition that she was the owner of the lands and the timber located thereon, and she must be held to have had equal opportunities with the defendant of knowing the truth of the alleged representations by the defendant's agent as to the amount of timber located thereon, and her failure to inform herself with reference thereto precludes a recovery for such alleged fraudulent representations. Where a party by common caution and prudence can guard himself, the law will not protect him in his negligence, and one who grossly fails to inform himself must take the consequences of his neglect, there being no allegations in the petition showing that the plaintiff was fraudulently prevented from doing so."
The court did not err in sustaining the defendant's demurrer, and in dismissing the action.
Judgment affirmed. Felton and Parker, JJ., concur.