DORSEY *v.* GREEN, executor, etc.
DORSEY *v.* CLAIRMONT ESTATES INC.
DORSEY *v.* GREEN *et al.*

Nos. 15919, 15920, 15921.   SEPTEMBER 6, 1947.

*G. H. Howard, Leonard Pennisi,* and *Wesley Bailey,* for plaintiff. *Weekes & Candler* and *Carl T. Hudgins,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 671 (151 S. E. 5). "Any relation shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Code, § 37-707. While this court has held that there is no presumption that a confidential or fiduciary relation exists between brothers or brothers-in-law solely from the fact that they are so related (*Crawford* v. *Crawford,* 134 *Ga.* 114, 67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932; *Bryan* v. *Tate,* 138

*Ga.* 321, 75 S. E. 205; *Ellis* v. *Hogan,* 147 *Ga.* 609, 95 S. E. 4; *Stephens* v. *Walker,* 193 *Ga.* 330, 18 S. E. 2d, 537; *Johnson* v. *Sherrer,* 197 *Ga.* 392, 29 S. E. 2d, 581), yet the relation between an executor and the devisees under a will is to a certain extent a relation of confidence and trust.

"The policy of the law forbids that administrators, executors, or trustees, having duties to perform in reference to property for their cestuis que trust, should deal with the beneficiaries with respect thereto, except upon the footing of the utmost candor and upon considerations demonstrative of the absence of any undue advantage. An executor can not purchase property from himself, directly or indirectly, and if he does so, the sale will be set aside at the instance of a legatee who is not in laches, however fair and honest it may have been. *Fleming* v. *Foram,* 12 *Ga.* 594. He may, however, purchase the property from a legatee who is sui juris and laboring under no disability, where all the circumstances of the transaction are fair and open and no advantage is taken by him of the legatee by concealment, misrepresentation, or omission to state any important fact, or by the exercise of undue influence, and the legatee understands the nature and effect of his act. But in such a case a court of equity looks upon the transaction with jealous eye, and will not uphold it unless it appears that the sale is fair and that there is no fraud, no concealment, and no advantage taken by the executor of information acquired by him in his character as such. *Bryan* v. *Duncan,* 11 *Ga.* 67." *Collier* v. *Collier,* 137 *Ga.* 658 (74 S. E. 275, Ann. Cas. 1913A; 1110; 21 Am. Jur. 736, § 632.

While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. *Elliott* v. *Marshall,* 179 *Ga.* 639 (176 S. E. 770).

The executor in the present case did not purchase the petitioner's interest for the benefit of the estate, as was done in *Collier* v. *Collier,* supra; but, while he bought as an individual, the allegation is that he not only concealed material facts but, in addition thereto, misrepresented the value of the petitioner's interest for the

purpose of taking an unfair advantage of him. The allegations are not as clear as they might have been in reference to the so-called division of the real property, and no copy of any deed from the executor conveying the "three small houses" to the petitioner is attached as an exhibit. However, the testatrix had been devised a one-fifth interest under the will of her deceased husband, and the value of her estate was dependent upon the value of her husband's estate. The same person qualified as executor in both wills, each of which contained a recommendation that certain property be not divided in kind, but be held.as a whole until such time as it could be sold for a profit. The executor in each of the wills was relieved from filing an inventory and from making any return to any court. If it be conceded that no cause of action was set forth in so far as the three small houses were concerned, for the reason that the petitioner had accepted them as a part of his one-fifth interest in the estate of his mother, and that, when Mace J. Green subsequently purchased the three small houses individually, he was not acting as executor and therefore there was no confidential relation, the same would not be true in so far as the deed from the petitioner to Mace J. Green also conveyed "any other property, real or personal," in which the petitioner had any interest in his mother's estate. This portion of the property was still a part of the estate of the testatrix in the hands of the executor. The allegation of the petition is that the three houses were worth less than $2000, while the petitioner's one-fifth interest in his mother's estate is alleged to be worth $15,841.20. After eliminating the three small houses that had been accepted in a partial division of the estate, the executor still had possession of all other property, real or personal, in which the petitioner had any interest in the estate, and knew its value, while the petitioner was a resident of New Jersey and was not familiar with the properties of which the estate consisted. Taking the allegations of the petition to be true, as must be done on general demurrer, sufficient facts were alleged to show that in purchasing all other property, real or personal, in which the petitioner had any interest in the estate, the executor while acting in a fiduciary relation took advantage of information acquired by him in his character as executor. See *Johnson* v. *Sherrer*, 197 *Ga.* 392 (1).

Under the allegations of the petition, wherein it was charged

that the defendant, Mace J. Green, was indebted to the petitioner in a greater amount than that received by him for his one-fifth interest in the estate, it was not necessary for the petitioner to tender to the defendant the amount received for his one-fifth interest. To authorize a recovery in equity, a party is not obliged to return, as a condition precedent, that which he will be entitled to retain. *Cohen* v. *Cohen,* 200 *Ga.* 33, 36 (35 S. E. 2d, 908), and cases cited.

It follows that the petition set forth a cause of action for some of the substantial relief prayed against the defendant Mace J. Green, and the trial court erred in sustaining the general demurrer interposed by him individually and as executor.

There were no allegations of any wrongful acts upon the part of the other defendants, and the petition clearly shows that the controversy is between the petitioner and Mace J. Green over the petitioner's interest in the estate, concerning which the other devisees have no interest. What has been said applies also to Clairmont Estates Incorporated, which, under the allegations of the petition, had purchased and paid for certain real property.

Accordingly, the trial court did not err in sustaining the demurrer of the other defendants on the ground that the petition failed to set forth a cause of action as against them.

*Judgment reversed in Case No. 15919, and affirmed in Cases Nos. 15920 and 15921. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*