## 43321. SMITH v. HOLMAN.

EBERHARDT, Judge. 1. Where the pleadings were filed prior to September 1, 1967, the court may elect to deal with them under the procedural law as it existed when the pleadings were filed, in which event provisions of the Civil Practice Act have no application. *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376, 378 (157 SE2d 493).

2. A petition was not subject to general demurrer when it alleged that plaintiff, a resident of Hartford, Alabama, had been defrauded of $36,000 by the defendant Smith, a resident of Fulton County, Georgia, by means of a conspiracy between Smith and one who represented himself to be and whom Smith introduced to plaintiff as John C. Martin, a resident of Washington, D. C., and further alleged that Smith, learning that plaintiff was in need of storage facilities in his grain business, had represented that Martin was the administrator of the estate of Silas McCormick which owned ten storage tanks at Oswego Station, Virginia, which he had seen and which were in good condition, that the estate wished to dispose of them, and that he (Smith) had himself purchased a flat storage building from the administrator for $11,000, having learned about its availability through a newspaper advertisement. Plaintiff had expressed interest in purchasing the storage tanks, and subsequently Smith called him on the telephone, arranged a meeting of the three in Atlanta, and plaintiff came up for the meeting, discussed with them the tanks, price, etc., and delivered a cashier's check for $30,000 to Martin and $6,000 to his attorney to be held in escrow, pending shipment of the tanks within 15 days, in exchange for a bill of sale to the tanks; that Martin obtained the funds on the cashier's check, and that the attorney delivered his check for the $6,000 to Smith, payable to Martin and that it was cashed with Martin's endorsement on it; that thereafter he ascertained that there was no estate of Silas McCormick, no storage tanks belonging to any such estate, that the defendant Smith had not purchased any storage building from any such estate, that no John C. Martin could be found and that the name was a fictitious one used in furtherance of the conspiracy to defraud plaintiff.

Defendant urges that there is a failure to allege that the plaintiff was fraudulently prevented from making an investigation that

would have revealed the true facts and that for this reason the demurrer should have been sustained, citing *Martin v. North Ga. Lumber Co.*, 72 Ga. App. 778 (35 SE2d 270), and *Sawyer v. Birrick*, 33 Ga. App. 746 (127 SE 806). In this connection see also, *Dortic v. Dugas*, 55 Ga. 484, 496 (6); *Arthur v. Brawner*, 174 Ga. 477 (163 SE 604); *Miller v. Roberts*, 9 Ga. App. 511 (71 SE 927); *Tallent v. Crim*, 19 Ga. App. 16 (90 SE 742); *Walton v. Avera Loan &c. Co.*, 28 Ga. App. 56 (110 SE 333). While we recognize the rule of these decisions, involving a shortage or an overage in quantity of the item sold, or a lack in its quality, we do not think these cases require the sustaining of the general demurrer here, where there was a total non-existence of the thing sold or purported to be sold. To do so would, in effect, place the law in the untenable position of throwing a mantle of protection about people who have engaged in a cheating and swindling operation. Accordingly, we apply the rule of *Cheney v. Powell*, 88 Ga. 629 (15 SE 750); *City of Dalton v. United States Fidel. &c. Co.*, 216 Ga. 602 (118 SE2d 475); *Braselton Bros. v. Better Maid Dairy Products*, 222 Ga. 472 (150 SE2d 620); *A. M. Kidder & Co. v. Clement A. Evans & Co.*, 111 Ga. App. 484 (142 SE2d 269), holding that the perpetrator of a gross and vicious fraud should not be permitted to set up as a defense that the plaintiff should not have relied upon his good faith and honesty and that whether, under these circumstances, plaintiff has been guilty of such negligence in not informing himself of the facts as to defeat his right of recovery is a jury question. If he has not, then the plaintiff, ex aequo et bono, is entitled to recover.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED JANUARY 8, 1968—DECIDED FEBRUARY 14, 1968.

*William T. Brooks*, for appellant.
*Lee Evans*, for appellee.