31535. CLOVER REALTY COMPANY v. TODD et al.

UNDERCOFLER, Presiding Justice.

Clover Realty, the plaintiff, seeks to collect a broker's commission on a complex land transaction involving over ten thousand acres of land in Gilmer County against numerous individuals and several corporations owned by some of the individual defendants. The land sale took place in 1968 and Clover first filed suit in 1970, amending once in 1971; then, in 1976, it amended again adding J. L. Todd Auction Company, under a constructive trust theory as well as on the same three counts urged against the

other defendants in the original complaint. J. L. Todd Auction Company had sold some of the property in 1970 at a public auction as was alleged in plaintiff's original complaint. It responded with a motion to strike or dismiss on the grounds that it could not be added as a party as a matter of right and further that the statute of limitation had run on all of the plaintiff's claims as to it. The trial court sustained the auction company's motion on both bases and Clover appeals. We affirm on the first ground.

Clover contends correctly that Code Ann. § 81A-115 (a) allows amendment as a matter of right[1] before entry of a pre-trial order.[2] Where, however, a party seeks to *add a new party* by amendment, as does Clover here, Code Ann. § 81A-115 (a) must be read in pari materia with Code Ann. § 81A-121, which allows the dropping and adding of parties only *"by order of the court* on motion of any party."[3] Since no such motion or leave of court was granted in this case, the trial court properly granted the auction company's motion to dismiss.

The Court of Appeals in reaching this same conclusion said: "The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court." *Robinson v. Bomar,* 122 Ga. App. 564, 567 (177 SE2d 815) (1970).

---

[1]Code Ann. § 81A-115 (a)—Amendments: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . ."

[2]No pre-trial order has been entered in this case.

[3]Code Ann. § 81A-121 provides in material part: "Parties may be dropped or added *by order of the court* on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

If the trial court is correct for any reason, it will be affirmed. Since this issue is dispositive of the case, the remaining enumerations need not be considered.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 26, 1976.

*Spearman, Thrasher & Costanzo, Daniel I. MacIntyre, William Lewis Spearman,* for appellant.

*Clary & Kent, Jackson B. Harris, A. Ed Lane, Wright, Walther & Morgan, Barry Wright, Jr., Harl C. Duffey, Jr., Covington, Kilpatrick & Storey, Dean Covington,* for appellees.