## 66568. AIRCRAFT RADIO SYSTEMS, INC. v. VON SCHLEGELL.

BANKE, Judge.

Thirteen months after the original complaint was filed in this case, the plaintiff/appellant moved for and was granted permission to add the appellee as a party defendant. The appellee subsequently moved to be dismissed from the case on the ground that this delay was

prejudicial, and the trial court granted the motion. The case is now before us pursuant to our grant of the appellant's application for interlocutory appeal.

The appellant, a corporation, filed suit on March 20, 1981, to recover damages from William A. Champion (one of the appellant's directors and former officers) and CVS Industries, contending that Champion had unlawfully diverted corporate funds to himself and CVS. CVS was described in the complaint as "an unincorporated association of William A. Champion and (first name unknown) Von Schlagel." Trust Company Bank was also named as a defendant, not because of any alleged misconduct, but for the purpose of freezing an account which CVS allegedly maintained there.

On April 15, 1981, a "suggestion of death" was filed with regard to Champion pursuant to § 25 of the CPA (OCGA § 9-11-25 (Code Ann. § 81A-125)), and on April 22, 1981, the appellant moved to substitute the administrator of Champion's estate as a party defendant. On April 27, 1981, the appellant further moved for, and was granted, permission to add Champion's widow as a party defendant, based on her own alleged participation in the alleged misappropriation of funds.

On June 26, 1981, the appellant took the deposition of Alfred von Schlegell, who was William Champion's former business partner in CVS Industries. Mr. von Schlegell was not represented by counsel at this time, and on January 3, 1982, he was killed in a private airplane accident. On April 13 of that year, the appellant moved to add the appellee, Susan von Schlegell, as a defendant, in her capacity as executrix of Mr. von Schlegell's estate. This motion was granted on August 20, 1982, without notice to the appellee.

After receiving service of process, Ms. von Schlegell filed a timely answer and simultaneously moved to be dismissed from the suit, contending that "[t]he delay on the part of [appellant] in filing its motion to add movant as a party defendant is unreasonable and has caused movant to be unduly prejudiced in that movant's counsel has had no opportunity to discuss [appellant's] contentions with said Alfred von Schlegell and will be unable to adequately prepare movant's defense to this action." The motion further alleged that "[p]laintiff has no reasonable excuse for the aforesaid delay in filing its motion to add movant as a party defendant." The trial court granted the motion, finding that "the lengthy delay in between the original filing of this action and the addition of von Schlegell as a party defendant, given the events which have occurred during that time and the current posture of the case, will work a substantial hardship on the defendant's ability to obtain the discovery necessary to maintain his (sic) defense, and that the defendant will be unduly

prejudiced thereby." *Held:*

1. The appellant initially contends that the appellee was without standing to contest the amendment adding her as a party because she was not a party to the suit at the time permission was sought and obtained to file the amendment. This argument is at best specious. "Where, as was done here, there is no prior notice the proposed defendant may by defensive pleading filed in compliance with the statutory process attack the propriety of being brought into court." *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App. 606, 608-609 (197 SE2d 416) (1973).

2. In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 (Code Ann. § 81A-115), leave of court must first be sought and obtained pursuant to OCGA § 9-11-21 (Code Ann. § 81A-121). *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976); *Robinson v. Bomar,* 122 Ga. App. 564 (2) (177 SE2d 815) (1970). Among the factors to be considered by the trial court in determining whether to allow the amendment are whether the new party will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new party previously. See generally 3 Moore's Federal Practice, §§ 15.10 [5], 15.15 [4]. Accord *Cartin v. Boles,* 155 Ga. App. 248, 254 (5) (270 SE2d 799) (1980); *Jenkins v. Chambers,* 127 Ga. App. 200, 202 (2) (193 SE2d 222) (1972).

At the time of Mr. von Schlegell's death, this suit had been pending for more than 9-1/2 months, and more than 6 months had passed since the taking of his deposition, yet no attempt had been made to join him as a defendant. The appellant has offered no excuse or justification for this delay, nor is any apparent from the record. Indeed, it would appear from the original complaint that the appellant was well aware of Mr. von Schlegell's connection with CVS Industries at the time the suit was filed. Since neither Mr. von Schlegell nor his estate has been represented during any of the discovery proceedings which have taken place thus far, including the taking of Mr. von Schlegell's own deposition, the trial court's conclusion that prejudice would result to his executrix from allowing her to be added as a party at this late date is amply supported by the record. This is true despite the possibility that the appellant might be entitled to maintain a separate action against the appellee for the relief sought. The trial court did not abuse its discretion in granting the appellee's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 —

112

*James F. Stovall III,* for appellant.
*Frank A. Lightmas, Jr., John K. Dunlap, Raymond S. Martin, Barry Staples, Laurie C. Davis,* for appellee.