### 75516. WILLIAMS et al. v. CRAWFORD.
(368 SE2d 337)

BANKE, Presiding Judge.

The appellants sued the appellee to recover damages for the latter's alleged fraud in connection with the sale to them of certain residential real estate. Originally, the real estate broker and agent who had represented the appellee seller in the transaction were also named as defendants, but the appellants later voluntarily dismissed them as parties to the action. This appeal is from the grant of the appellee's motion for summary judgment.

The appellee's alleged fraud consisted of his concealment of his knowledge that both the driveway to the residence and the existing well which served as its sole source of water were not actually located on the property but were instead located on an adjacent tract of land then owned by his father. It is conceded that no affirmative misrepresentation was made to the appellants that the well and driveway were located on the property being sold. However, the appellants maintain that the appellee knowingly allowed his real estate agents to identify the well as the source of water for the property and that, upon inquiry, the agents provided them with information regarding the depth of the well, without mentioning that it was not located on the property. There is also evidence that the appellants asked the appellee's agents "about getting a survey" prior to the closing but were advised that "it wasn't necessary, that it had been done in '79 for [the appellee] . . . [and] nothing had changed." Although the appellants evidently did not ask to see the existing survey prior to the closing, it does not appear that the locations of the well and driveway were depicted on that survey. *Held*:

1. " 'Fraud may exist as much in intentional concealment of material facts, as in false statements in regard to facts. One is as fraudulent as the other, if it is used as a means of deceiving the opposite party.' " *Friedman v. Goodman*, 222 Ga. 613, 623 (151 SE2d 455) (1966), citing *Jordan v. Harber*, 172 Ga. 139 (4) (157 SE 652) (1931).

The evidence of record in this case would support an inference that the appellee, acting with full knowledge of the actual facts, permitted his agents to foster and nurture a misconception on the part of the appellants that the well, at least, was located on the property being sold to them. The appellants' understanding in this regard was clearly material to the negotiations, as the value of the residence would obviously be affected significantly by whether it did or did not have its own water source. Consequently, we hold that the record does not demonstrate as a matter of law that no fraud occurred.

It is true, of course, that a jury might determine that the actual facts could and should have been discovered by the appellants in the exercise of due diligence. See generally *U-Haul Co. of Western Ga. v. Dillard Paper Co.*, 169 Ga. App. 280, 282 (312 SE2d 618) (1983). All the appellants needed to do to protect themselves, after all, was to commission a survey of the property. However, we are not prepared to hold under the circumstances of this case that the appellants' failure to commission a survey prior to closing constituted such a lack of diligence as would bar them as a matter of law from any recovery. "While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations." *Dorsey v. Green*, 202 Ga. 655, 659 (44 SE2d 377) (1947). Although a

failure to investigate the true facts may constitute an absolute defense in cases where the alleged fraud consists merely of " 'general commendations or . . . expressions of opinion, hope, expectation and the like,' " *Miller v. Clabby*, 178 Ga. App. 821, 822 (344 SE2d 751) (1986) (emphasis omitted), where, as in this case, the alleged fraud concerns facts which are not open to dispute or interpretation, it has been held that the alleged wrongdoer should not be permitted to set up as an absolute defense that the plaintiff was negligent in relying upon his good faith and honesty. See *Smith v. Holman*, 117 Ga. App. 248, 249 (160 SE2d 533) (1968).

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). We hold that the evidence of record does not establish the appellee's entitlement to judgment as a matter of law and that the trial court consequently erred in granting his motion for summary judgment.

2. The appellants also enumerate as error the trial court's denial of their motion to rejoin as party defendants the real estate broker and agent whom they had previously named as defendants in the case but had later voluntarily dismissed. This enumeration of error is without merit. Under OCGA § 9-11-21, the grant of denial of a motion to amend pleadings so as to add parties is subject to the sound discretion of the trial court. *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649) (1976); *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (308 SE2d 211) (1983). Under the circumstances, we hold that no abuse of discretion has been shown.

*Judgment reversed. McMurray, P. J., Pope, Benham, and Beasley, JJ., concur. Deen, P. J., concurs and also concurs specially. Birdsong, C. J., Carley, and Sognier, JJ., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring specially.

I concur fully in the majority opinion but wish to emphasize certain points.

The dissenting opinion in the case sub judice cites *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977), where the Supreme Court, in a 4-3 vote, affirmed Division 3 of our opinion in *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141) (1976), and held that there was a jury question as to fraud.

In *Wilhite* the issue was very similar to that in the instant case.

Both cases involved the purchase of a house and an underground object. In *Wilhite* the seller knew of an underground problem or defect of which the purchaser had no knowledge. This court held that the seller "surely knew that information concerning the defective condition would have significantly affected Mays' [purchaser's] decision." We held there that the seller could not "simply keep his mouth shut" but had a duty to speak up.

In the case under consideration, the purchaser had been told of the depth of the well, but not the distance from the well to the boundary line of the property purchased. In fact, he thought the well was within the boundary line of what he had purchased. Acknowledging that one cannot determine a horizontal length or distance by measuring the vertical depth of the well, the fact remains that the purchaser was expressly apprised by the seller or his agent of the depth of the well, but not of its location or its distance from the property purchased. The existing plat did not indicate the location of the well.

A jury might find that the seller could surely know that the information concerning the length of the distance was no less important than the depth of the well, concerning which the buyer had affirmatively inquired. A jury could find that the seller had a duty to open his mouth and speak and was not justified in remaining silent where something so substantial as the location of vital water sources is concerned, and where the seller knew the well was outside the boundary line. In *Wilhite*, three judges on this court and four justices on the Supreme Court found a jury question as to the existence *vel non* of fraud. Our case sub judice is controlled by the latter case.

CARLEY, Judge, concurring in part and dissenting in part.

I concur fully in Division 2 of the majority opinion. I cannot, however, concur in Division 1, wherein the majority reverses the grant of summary judgment in favor of appellee. The effect of the majority opinion is to create a new principle of law: Let the Seller Beware. If the majority is correct in this case, then the seller in each and every real estate contract in Georgia is a potential defendant in a fraud action. Because I cannot agree that this is or should be the law, I must respectfully dissent.

As the majority notes, appellee's alleged fraud concerns the location of the existing well and driveway serving the property. Clearly, the locations of the well and driveway were patently observable to prospective purchasers. Compare *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977). Appellants nevertheless alleged that they had been defrauded by appellee because the well and driveway were not actually located on the property being sold. The majority concedes that *no affirmative misrepresentations* were made to appellants that the well and driveway were located on the property being sold. The ma-

jority holds, however, that a genuine issue of material fact remains as to appellee's fraudulent concealment of the fact that the location of the well and driveway was not on the property which he sold to appellants. In so doing, the majority overlooks the established principles of law which are applicable to fraud by *passive concealment.*

"In cases of passive concealment by the seller of defective realty, 'the buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the *defect "could [not] have been discovered by the buyer by the exercise of due diligence . . . [and that the] seller was . . . aware of the problems and did not disclose them. . . .*" [Cit.]' [Cits.]" (Emphasis supplied.) *U-Haul Co. v. Dillard Paper Co.*, 169 Ga. App. 280, 282 (312 SE2d 618) (1983). See also *Wilhite v. Mays*, supra. With regard to the issue of appellants' exercise of due diligence, the record shows that appellant had examined the property on two or three occasions prior to closing and that he had clearly observed the locations of the dwelling, driveway and well house. Appellants never indicated to appellee that having the well and driveway located on the property was material to their purchase of it. Appellee never concealed the location of the well or the driveway and answered all questions which were asked about those features. The majority merely assumes that the actual location of the water source and driveway rather than the mere availability of those facilities must have been material to appellants, as the actual location would affect the value of the property. For purposes of summary judgment, however, it is the evidence of record and not judicial assumptions, which controls. From the questions which were asked of and which were truthfully answered by appellee, appellants were apparently interested only that the property had a water source and access, because they never specifically questioned the location of those otherwise patently observable features. If appellants had a misconception about the location of those features, there is nothing to indicate that appellee was aware of that misconception. Prior to closing, appellants had not had a survey made of the property and they had never examined or asked to examine the plat of the property even though the properly recorded plat had been incorporated by reference into the contract of sale. Appellant Mr. Williams admitted that a "survey would have told [him] that the well was off the property and the driveway was off the property."

Construing the *evidence* most strongly against appellee as the movant for summary judgment, "[t]he alleged defect here was not 'hidden' so that [appellants,] in the exercise of ordinary care, would not have discovered it. . . . 'The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. "When the means of knowledge are at hand and equally available to both parties, and the sub-

ject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations." [Cit.]' [Cits.] Under the circumstances in the case at bar, the trial court did not err in concluding as a matter of law that [appellants] failed to exercise proper diligence in protecting themselves from [appellee's] alleged fraudulent concealment. [Cits.]" *Miller v. Clabby*, 178 Ga. App. 821, 822-823 (344 SE2d 751) (1986). See also *Bimbo Bldrs. v. Stubbs Properties*, 158 Ga. App. 280 (1) (279 SE2d 730) (1981).

Pursuant to the majority's interpretation of the law of passive concealment, sellers of realty must determine whether an otherwise patently observable or discoverable condition in or on his property will, at some future point within the statute of limitations, come to be deemed "material" to the silent purchaser. For, if the formerly silent purchaser does subsequently divulge for the first time in the allegations of the complaint which he files against the seller that such a patently observable condition had always been "material" to his purchase, the seller's failure to have affirmatively "disclosed" that condition will subject him to a fraud action. "[W]hen the defects in the property [are] of *such a nature that the buyer could not discover them through the exercise of due diligence,* the burden [is] on the seller to disclose the seriousness of the problems of which he was aware, provided that the seller knew that the buyer was acting under a misapprehension as to facts which would be important to the buyer in making his decision." (Emphasis supplied.) *Holman v. Ruesken*, 246 Ga. 557, 558 (2) (272 SE2d 292) (1980). Believing that it is necessary to adhere to precedential authority, I must dissent to Division 1 of the majority's opinion. I would affirm the grant of summary judgment in favor of appellee.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*Don H. Taliaferro*, for appellants.
*David B. Dunaway*, for appellee.